**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions. | Case No.: 3:22-cv-00346-SI<br><br>**DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: June 2, 2023**<br>**Time: 10:00 a.m.**<br>**Dept.: Courtroom 1, 17th Floor, Via Zoom**<br>**Judge: Honorable Susan Illston** |

-1-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

I, Kas L. Gallucci, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am counsel of record for Plaintiff Adam Bente. I, along with my colleuage Alexis M. Wood, and my co-counsel at Wucetich & Korovilas LLP, Alexander Morrison + Fehr LLP, and Lebe Law APLC, represent Plaintiffs William Muller, Antonio Knezevich, Adam Bente, and Cindy Villanueva (collectively "Plaintiffs"). I am an attorney at law licensed to practice in the State of California, and I am a member of the bar in this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed herewith.

**Exhibits**

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement and Release.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the Parties' agreed proposed Class Action Long Form Notice.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the Parties' agreed proposed Claim Form.

6. Attached hereto as **Exhibit 4** is a true and correct copy of the Parties' agreed proposed Postcard Notice, which will be provided to all reasonably identifiable members of the Exfiltration Subclass.

7. Attached hereto as **Exhibit 5** is my firm, The Law Offices of Ronald A. Marron current resume.

**Facts**

8. On January 18, 2022, Plaintiffs William Muller and Antonio Knezvich, both residents of California and employees of New Bern Transport Corporation, an exclusive carrier and wholly-owned subsidiary of PepsiCo, and Tesla, respectively, filed a federal lawsuit seeking redress in response to the ransomware attack to Defendant UKG, Inc.'s ("Defendant" or "UKG") Kronos Private Cloud ("KPC"), which subsequently caused a disruption to certain applications hosted on the KPC. Dkt. No. 1.

9. On March 10, 2022, a First Amended Complaint was filed. Dkt. No. 17.

10. On April 15, 2022, Plaintiff Muller and Knezvich filed a notice of related case seeking relation of *Cindy Villanueva v. UKG, Inc.*, No. 3:22-cv-01789-JD (N.D. Cal),[1] originally filed on March 21, 2022, to the instant action (Dkt. No. 21), and related on April 18, 2022. Dkt. No. 22.

11. Shortly thereafter, in an effort to self-organize by the various Plaintiffs, Plaintiff Bente filed a motion to relate his case (originally filed in the Southern District of California, *Bente v. UKG, Inc.*, No. 22-cv-289 GPC WVG (S.D. Cal.)[2] on March 4, 2022, and then transferred to the Northern District of California on April 26, 2022, and related to the instant action on May 4, 2022. Dkt. No. 26.

12. On June 21, 2022, Plaintiffs Muller, Knezvich, Villanueva and Bente filed a Consolidated Class Action Complaint. Dkt. No. 33. In that complaint, Plaintiffs allege that UKG maintained inadequate security measures which resulted in a ransomware attack to its KPC. Plaintiffs further allege that the resulting disruption to the workforce management applications hosted in the KPC caused damages to employees and contractors of UKG's customers. Plaintiffs, who at the time were employees of UKG's various customers, were impacted by the event. Plaintiffs assert nationwide claims for negligence, negligence per se, unjust enrichment, declaratory judgement, breach of contract, and common law invasion of privacy. Plaintiffs also bring claims on behalf of a California subclass for violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.150, the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*, violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and invasion of privacy based on the California Constitution, Art. 1, § 1.

13. Through discovery, of the approximate 2,000 impacted KPC customers, only two of UKG's KPC customers suffered exfiltration of personal data, which aligns with the letters

---

[1] Ms. Villanueva is a resident of California and a registered nurse for Wellpath Recovery Solution, LLC.

[2] Mr. Bente is a resident of California and a business analyst for Family Health Centers of San Diego.

-3-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

transmitted on UKG's behalf to the affected individuals of these businesses.

14. My review of publicly available documents as well as discovery conducted between the Parties confirms that UKG is a leading provider of human resources, payroll, and workforce management solutions to companies around the globe. In connection with those services, customers use UKG products to collect, store, and process personnel information and data for their employees.

15. On May 9, 2022, plaintiffs Danielle Pallotta and Cheryl LaFlamme in the case styled *Pallotta v. University of Massachusetts Memorial Medical Center*, No. 4:22-cv-10361-TSH (D. Mass.), filed on March 9, 2022, moved the Judicial Panel on Multidistrict Litigation for an order consolidating all six filed actions at that time. Dkt. No. 27. After full briefing, and opposition by Plaintiffs Muller, Knezvich, Villanueva and Bente, the Panel denied the motion to centralize proceedings, finding "that centralization is not necessary for the convenience of the parties and witnesses or to further just and efficient conduct of this litigation. (MDL Case No. 3039 at Dkt. No. 38). In denying centralization, the Panel recognized the consolidation of the of the three cases filed by Plaintiffs Muller, Knezvich, Villanueva and Bente in the Northern District of California, and noted that "[o]f the remaining nine other actions, eight are related before a single judge in the District of Massachusetts, and seven were filed by common counsel." *Id.* Importantly, the Panel recognized a difference between the instant action and those cases which "include[d] wage and hour claims against Kronos and plaintiffs' employers." *Id.* Based on these "individualized facts and unique additional defendants" the Panel determined centralization would not be beneficial. *Id.*

16. On August 5, 2022, UKG filed a motion to dismiss the Consolidated Complaint arguing that all of Plaintiffs' claims must fail for several reasons. Among those reasons, UKG argued that as a third-party workforce management technology provider, it does not have a legal duty to ensure the timely or accurate payment of Plaintiffs' wages. UKG also argued that Plaintiffs' alleged injuries relating to their personal information (e.g., increased risk of future harm, diminished value, worry and lost time) are not cognizable and are otherwise barred by the economic loss rule.

17. From the outset of the litigation, the Parties engaged in direct communication regarding early resolution as required by Fed. R. Civ. P. 26. Plaintiffs early on served formal discovery which was narrowed to informal discovery for the purpose of mediation. The requests

-4-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

1  sought information relating to the size of the putative class, the nature of the underlying incident
2  and UKG's response, among other topics.

3      18.    This early discovery as well as various discussions with counsel for Defendant led to
4  a mediation session before Ben Picker, Esq. of Stradley Ronon Stevens & Young LLP on September
5  9, 2022, via Zoom.

6      19.    Although the mediation was unsuccessful, the Parties continued negotiations with the
7  mediator on an almost daily basis, which was primarily lead by my co-counsel Dimitrios V.
8  Korovilas of Wucetich & Korovilas LLP and Michael S. Morrison of Alexender Morrison + Fehr
9  LLP.

10      20.    The Parties ultimately reached an agreement in principle and for the next six months,
11  negotiated a class wide Settlement Agreement and supporting documents (class notice, claim forms,
12  notice/social media plan).

13      21.    The Parties engaged in good faith negotiations, which at all times were at arms'
14  length and culminated in an agreement to settle the case.

15      22.    The Settlement also consists of formal, confirmatory discovery that supports the
16  fairness and adequacy of the Settlement, and which was provided to and analyzed by Plaintiffs'
17  counsel.

18      23.    The proposed Class Definition consists of the following Classes:

**Nationwide Class**: All natural U.S. persons who are current or former employees or contractors, including their dependents, of UKG customers, whose data was stored in the KPC at the time of the December 2021 KPC Cyberattack and who were impacted by the interruption of KPC applications resulting from the December 2021 KPC Cyberattack.

**California Subclass**: All members of the Nationwide Class who are also California residents at the time of the December 2021 KPC Cyberattack.

**Exfiltration Subclass**: All members of the Nationwide Class who were sent notice that their personal data was exfiltrated during the December 2021 KPC Cyberattack and were offered credit monitoring services for themselves or on behalf of their dependents.[3]

---

[3] Excluded from the Settlement Class are UKG's officers, directors, and employees; any entity in which UKG has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of UKG. Excluded also from the Settlement Class are members of the judiciary to

-5-

Settlement ¶ 51.

24. There are eleven (11) other cases known by the Parties that will be affected by this Settlement:

(1) *Pallotta v. Univ. of Mass. Mem'l Med. Ctr., et al.*, No. 4:22-cv-10361 (D. Mass.) (filed on March 9, 2022);
(2) *Sampson v. UKG, Inc.*, No. 1:22-cv-10947 (D. Mass.) (filed June 16, 2022);
(3) *Arpie v. UKG, Inc., et al*, No. 3:22-cv-30096 (D. Mass.) (filed July 20, 2022);
(4) *Cornacchia v. UKG, Inc., et al.*, No. 4:22-cv-40081 (D. Mass.) (filed July 20, 2022);
(5) *Fuller v. UKG, Inc. et al.*, No. 4:22-cv-40082-ADB (D. Mass) (filed July 20, 2022);
(6) *Mysliewwic v. UKG, Inc., et al.*, No. 4:22-cv-40083-ADB (D. Mass.) (filed July 20, 2022);
(7) *Taylor v. UKG, Inc., et al*, No. 1:22-cv-11168-ADB (D. Mass.) (filed July 20, 2022);
(8) *Ward v. UKG, Inc., et al.*, No. 4:22-cv-40084-ADB (D. Mass.) (filed July 20, 2022);
(9) *Lavin v. Univ. of Mass. Mem'l Med. Ctr., et al.*, No. 2285-cv-00056C (Mass. Super. Ct.);
(10) *Fraga v. UKG, Inc.*, Broward County Case No. CACE-22-008353; and
(11) *Ellis v. Cargill Meat Solutions & UKG,* No. 4:22-cv-00864-Y (N.D. Tex.) (filed Sept. 26, 2022).

My co-counsel has actively engaged with plaintiffs' counsel in the other cases, and all participated in mediation.

25. In Massachusetts, there are nine (9) related class actions which allege class claims against UKG based on the same alleged harm to their personal information and impacts of the disruption of KPC applications but also seek employment claims for wages against specific UKG customers and UKG ("MA cases"). As for the other cases, where UKG is not named, yet employees of UKG's customers have filed suit, they are seeking recovery of wages against UKG's customers directly based on the December 2021 KPC Cyberattack.

26. The proposed Settlement here contains a carve-out that the release "do[es] not include any claims, demands, actions, and causes of action (whether statutory, contractual, or common law) for wages of any kind brought against UKG relating to the December 2021 KPC Cyberattack or resulting interruptions of KPC application." Settlement ¶ 60. Accordingly, while there is substantial

---

whom this case is assigned, their families and members of their staff. Also excluded from the Settlement Class are non-natural persons. Settlement ¶ 52. Last, Settlement Class Members who properly execute a timely request for exclusion will be excluded. Settlement ¶ 69.

-6-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

overlap between the operative facts that give rise to, and the claims asserted in, the MA cases, the express carve-out excludes claims asserted by the plaintiffs in the MA cases seeking wages against UKG arising out of the December 2021 KPC Cyberattack.

27. There is one lawsuit in Florida that was originally filed in federal court but was dismissed for lack of Article III standing. That lawsuit was subsequently refiled in state court. After refiling, I am informed by UKG's counsel that the case has not otherwise been actively litigated. The Florida case would be substantially affected and subsumed by this Settlement. Plaintiffs' counsel here, as well as counsel for the Defendant, have discussed this Settlement with plaintiffs' counsel in the Florida action and counsel in Florida have elected not to join this settlement.

28. Pursuant to the Northern District of California's Procedural Guidance for Class Action Settlement, No. 13, I have asked UKG's counsel to "serve a copy on counsel for any plaintiffs with pending litigation, whether at the trial court or appellate court level, whether active or stayed, asserting claims on a representative (e.g., class, collective, PAGA, etc.) basis that defendants believe may be released by virtue of the settlement[,]" by Monday, May 1, 2023.

29. Plaintiff Adam Bente substantial amount of time and effort in prosecuting this case, including researching and retaining counsel, extensive meetings with counsel to substantiate the factual bases of the claims, producing relevant documents and information, participating in regular communication with counsel throughout the duration of the case regarding the case status and strategy going forward, and providing the facts and evidence to prove the allegations in the complaint.

30. Mr. Bente, along with his co-Plaintiffs, have endured substantial risk by electing to have their names in the public record. Any time Mr. Bente or his co-Plaintiffs seek new employment or are under investigation by a prospective employer, any search for lawsuits brought by them will be disclosed and he will have to deal with the possible stigma of bringing a class action lawsuit.

31. Mr. Bente will submit his declaration in connection with the anticipated motion for attorneys' fees, costs and service awards.

32. Plaintiffs, through proposed Class Counsel, will petition the Court for a Fee Award

-7-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

not to exceed one-third of the Settlement Fund (between $1,833,333.33 and $2,000,000) and for reimbursement of Litigation Costs (estimated to be approximately $50,000). This potential Fee Award represents 26.6% of the Total Economic Benefit to the Settlement Class, as UKG has also agreed to hardening measures in the amount of approximately $1,500,000. The attorney fee request is based upon an approximate lodestar calculation of $1,169,996.50 including total attorney hours of approximately 1561.4 through the filing of this preliminary approval motion and eliminating any hours from preliminary approval though the final distribution of funds.

33. As for my firm, our approximate current lodestar is $318,819.00. This lodestar is based on a total of 507.8 hours of work performed by two attorneys, Senior Associate Alexis M. Wood at 209 hours at a current billing rate of $645 and myself at 217.8 hours at a current billing rate of $605. My firm's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business. My firm kept time records in this case consistent with that practice. Moreover, my firm's practice is to bill in 6-minute (tenth-of-an-hour) increments. Further, as part of this practice, we carefully review our hours and make cuts for time entry errors, duplications, and instances where we determined the hours should be reduced or not billed. In view of our efforts and risks in pursuing this case, and the expenses incurred in vigorously litigating these clams, these amounts are well within the range of reasonableness and will be more fully detailed in the anticipated Motion for Attorneys' Fees, Costs and Service Awards.

34. Collectively, the lodestar of all firms amounts to a current approximate multiplier of approximately 1.6.

35. Proposed Class Counsel will also seek reimbursement for costs not to exceed $50,000. My firm has incurred approximately $7,500 in litigation costs associated with this case, which relate to the filing fee, service costs, mediation fee and calendaring.

36. The Parties have selected Kroll Settlement Administration LLC ("Kroll") to act as the Settlement Administrator. The Parties selected Kroll after Plaintiffs solicited bids from three (3) settlement administrators and Kroll provided the most reasonable bid following negotiations which estimated that its notice program would provide the best notice that is practicable under the circumstances.

-8-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

37. Class Counsel engaged Kroll twice in the past two years and was pleased with the administration. Kroll was engaged in in 2021 in the matter *Young et al v Neurobrands, LLC*, Case No. 18-cv-05907 (N.D. Cal) and in 2021 in the matter *Clark v. S.C. Johnson & Son, Inc.*, Case No. RG20067897 (Alameda Superior Court). I am informed that none of my co-counsel have engaged Kroll in the last two years.

38. Kroll will implement the Settlement and Notice Plan agreed to by the Parties. The actual costs incurred by Kroll for effectuating Class Notice and other administrative costs for administering the Settlement will be paid from the Settlement Fund, yet proposed Class Counsel negotiated a cap of $1,200,000.

39. The Parties spent substantial time in conjunction with Kroll designing a Notice Plan, with a strong social media component. The details of Social Media Plan are located in the Finegan Declaration filed herewith.

40. As discussed herein, proposed Class Counsel became thoroughly familiar with the applicable facts, legal theories, and defenses on both sides before engaging in arms-length negotiations through the assistance of a neutral mediator with Defendant's counsel. Although Plaintiffs and proposed Class Counsel had confidence in their claims, they recognize that a favorable outcome was not assured and that they would face risks at class certification, motion to dismiss, summary judgment, and trial.

41. Plaintiffs and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever. UKG is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment after discovery.

42. Here, the Parties engaged in formal and informal discovery prior to mediation, and continued with formal discovery, including confirmatory discovery regarding all aspects of the cybersecurity event. The next steps in the litigation would have been for Plaintiffs to oppose UKG's Motion to Dismiss, engage in expert discovery, and litigate motions for summary judgment and class certification. These next steps would be costly and time-consuming for the Parties and the

-9-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

Court and create risk that a litigation class would not be certified and/or that the Settlement Class would recover nothing at all. UKG would continue to assert defenses on the merits, including challenging Plaintiffs' standing under California's consumer protection statutes and Plaintiffs' ability to show that UKG's conduct caused Plaintiffs any injury. Indeed, UKG was successful in getting the Florida action dismissed at the pleading stage.

43. UKG would also oppose class certification vigorously and prepare a competent defense at trial. Assuming that Plaintiffs were to survive a motion to dismiss and summary judgment, they would likely face the risk of establishing liability at trial as a result of conflicting expert testimony between their own expert witnesses and UKG's expert witnesses. In this "battle of experts," it is virtually impossible to predict with any certainty which testimony would be credited, and ultimately, which expert version would be accepted by the jury. The experience of proposed Class Counsel has taught them that these considerations can make the ultimate outcome of a trial highly uncertain. Additionally, looking beyond trial, UKG could appeal the merits of any adverse decision. Even if Plaintiffs were to prevail at every stage of this litigation, there remains a substantial likelihood that Class Members would not be awarded significantly more than (or even as much as) is offered to them under this Settlement.

44. Here, the Settlement structure negotiated by proposed Class Counsel is designed to provide the most financial compensation for those persons in the Exfiltration Subclass and less funds to members of the Nationwide Class who only experienced ordinary losses. Settlement ¶¶ 53-55. All Nationwide Class Members may seek compensation for Ordinary Losses up to $1,000 for out-of-pocket expenses and lost time valued at $25/hour for four hours. Exfiltration Subclass Members however may *also* seek compensation for Extraordinary Losses associated with fraud or identity theft up to $7,500 *and* an additional payment of $100. *Id.* California Subclass Members who attest to being a resident of California during the cyberattack also receive *an additional* payment of $30 as California is a state which provides some of the strongest consumer protection and privacy rights and affords specific statutory damage amounts for those claims.

45. While proposed Class Counsel is unable to estimate the payment each Settlement Class Member may receive as that amount is dependent on the financial harm each Class Member

-10-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

claims, Class Counsel has devised a structure to distribute funds to those most affected and ensure no funds revert to UKG. Settlement ¶¶ 53(c) & 57.

46. Given the Exfiltration Class includes less than 20,000 people, proposed Class Counsel believe that all claims should be sufficiently funded, especially because the Settlement provides for an additional amount to be paid by UGK in the maximum amount of $500,000 to pay for Approved Claims.

47. Further, while the exact number of persons who are members of the Nationwide Class are unknown, based on discovery, Class Counsel estimates that the number of individuals potentially impacted by the December 2021 KPC Cyberattack could be lower than 7 million as that is the approximate number of licenses issued by UKG.

48. As part of the litigation strategy and thereafter confirmatory discovery, proposed Class Counsel have conducted extensive research into the legal theories, discovery, and investigation, including informal and then formal discovery regarding the causes and scope of the data breach, the resulting disruption of the KPC cloud, and the ability of UKG to contact Class Members impacted by the data breach. UKG provided documents containing its communications to customers regarding the data breach as well as the results of its internal investigation into the data breach, among other categories of documents. The Parties also held numerous discussions regarding Plaintiffs' allegations, discovery, and the prospects of settlement, as well as a fulsome mediation session with Mr. Picker.

49. In the eyes of Class Counsel, the proposed Settlement is fair, reasonable, and adequate, and provides the Settlement Class with an outstanding opportunity to obtain significant relief at this stage of litigation. The Settlement also abrogates the risks that might prevent them from obtaining any relief.

50. My firm, the Law Offices of Ronald A. Marron, has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. *See* Firm Resume of the Law Offices of Ronald A. Marron, a true and correct copy of which is attached hereto as **Exhibit 5**. This recent experience from the firm resume includes as follows: On July 26, 2022, the Honorable Brian C. Wimes of the United States District Court for the Western District of Missouri

-11-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

granted preliminary approval of one of the largest data breach class actions in *In Re: T-Mobile Customer Data Security Breach Litigation*, Case No. 4:21-MD-03019-BCW, of which I serve as Liaison Counsel. On October 8, 2021, the Honorable Jeffrey S. White of the United States District Court for the Northern District of California granted final approval of an injunctive-relief only settlement in the certified class action styled *Young v. Neurobrands, LLC*, Case No. 4:18-cv-05907-JSW (N.D. Cal.) to which the Law Offices of Ronald A. Marron served as class counsel. *See* Dkt. No. 96. On July 4, 2021, the Honorable Keri Katz granted final approval of a class action settlement in the matter of *Randolph v. Amazon.com LLC*, Case No. 37-2017-00011078-CU-OE-CTL in the California Superior Court for the County of San Diego to which the Law Offices of Ronald A. Marron served as co-lead class counsel. *See* Dkt. No. 210. On March 4, 2021, the Honorable James D. Pederson granted final approval to a class action settlement regarding two data breaches of a healthcare system's patient and employees personal and private information in the matter styled *Fox v. Iowa Health System*, No. 3:18-cv-00327-JDP (W.D. Wiscon.). *See* Dkt. No. 115. On November 25, 2020, the Honorable Judge Joel Wohfeil granted final approval of a class action settlement concerning Defendant Axos' Bank's failure to pay 2% simple interest on homeowners' impound escrow accounts. *Daniel McSwain v. Axos Bank*, Case No. 37-2019-00015784-CU-BC-CTL (S.D. Sup. Ct.). On November 19, 2020, the Honorable Jeffrey Miller granted final approval to a certified class action regarding the illegal recording of inmates and their counsel. *Romero v. Securus Technologies, Inc.* No. 3:16-cv-01283 (JM) (S.D. Cal.). *See* Dkt. No. 184. On August 3, 2020, the Honorable Judge Gonzalo P. Curiel of the United States District Court for the Southern District of California granted final approval of a settlement in the certified class action styled *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-cv-02335-GPC-MDD (S.D. Cal.). *See* Dkt. No. 259. On February 24, 2020, the Honorable Christina A. Snyder of the United States District Court for the Central District of California granted final approval of a $2,500,000.00 class action settlement in *Graves v. United Industries Corp.*, No. 2:17-cv-06983-CAS-SK (C.D. Cal.) and appointed the Marron Firm as class counsel. Judge Snyder noted that the Law Offices of Ronald A. Marron had "vigorously represented the Class" and has "extensive experience in consumer class action litigation." Judgment & Order at 9, *Graves v. United Indus. Corp.*, No. 2:17-cv-06983-CAS-SK

(C.D. Cal. Feb. 24, 2020). *See* Dkt. No. 87. On January 28, 2020, the Honorable William Alsup granted final approval of a settlement of a nationwide certified class in *Esparza v. Smartpay Leasing, Inc.*, No. 3:17-cv-03421-WHA (N.D. Cal.). *See* Dkt. No. 110. On October 11, 2019, the Honorable Judge Wilhelmina M. Wright granted final approval of a nationwide TCPA settlement class in *Busch v. Bluestem Brands, Inc.,* No. 0:16-cv-00644-WMW-HB (D. Minn.), Dkt. No. 106, and appointed the Law Offices of Ronald A. Marron as co-lead class counsel. The settlement created a $5.25 million non-reversionary Settlement Fund for the benefit of the class. On September 12, 2019, the Honorable Judge Jose E. Martinez granted final approval of a nationwide TCPA settlement class in *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342-JEM (S.D. Fla.), Dkt. No. 131, and appointed the Law Offices of Ronald A. Marron as co-lead class counsel. The settlement created a $1.45 million common fund. On June 17, 2019, the Honorable Anthony J. Battaglia granted final approval of a nationwide CLRA settlement case in *Littlejohn v. Ferrara Candy Co.*, No. 18-cv-0658-AJB-WVG (S.D. Cal.), stating "Class Counsel has fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members." Final Judgment & Order at 5, *Littlejohn v. Ferrara Candy Co.*, No. 3:18-cv-00658-AJB-WVG (S.D. Cal. June 17, 2019), Dkt. No. 47. n October 19, 2018, the Honorable William T. Lawrence granted final approval of a nationwide TCPA settlement case in *Simms v. ExactTarget, LLC*, No. 1-14-cv-00737-WTL-DLP (S.D. Ind.), Dkt. No. 178, where the Law Offices of Ronald A. Marron served as class counsel. The settlement created a $6.25 million common fund. On April 3, 2018, the Honorable Robert N. Scola, Jr. granted preliminary approval of class action settlement regarding false advertising claims in *Mollicone v. Universal Handicraft*, No. 1:17-cv-21468-RNS (S.D. Fla.), in which the Law Offices of Ronald A. Marron served as class counsel. In his preliminary approval order, Judge Scola stated that the Marron Firm is "experienced and competent in the prosecution of complex class action litigation." Order Prelim. Certifying Settlement Class, Granting Prelim. Approval of Settlement, & Setting Final Fairness H'rg at 2, *Mollicone v. Universal Handicraft*, No. 1:17-cv-21468-RNS (S.D. Fla. Apr. 3, 2018), Dkt. No. 120. On June 29, 2018, in *Mason v. M3 Financial Services, Inc.*, No. 1:15-cv-04194 (N.D. Ill.), the Honorable Andrea R. Wood granted final approval of a nationwide TCPA settlement which

-13-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

provided a common fund in the amount of $600,000. The Law Offices of Ronald A. Marron served as co-lead class counsel. On May 4, 2018, the Honorable Analisa Torres granted final approval of a false advertising class settlement in *In re Tommie Copper Products Consumer Litigation*, No. 7:15-cv-03183-AT-LMS (S.D.N.Y.), Dkt. No. 129. On January 4, 2016, the Honorable Analisa Torres appointed the Marron firm as Interim Lead Class Counsel over the opposition and challenge of other Plaintiff's counsel, noting that the Marron firm's "detailed" complaint was "more specifically pleaded, . . . assert[ing] a more comprehensive set of theories . . . and [was] more factually developed." *Potzner v. Tommie Copper Inc.*, Nos. 15 CIV. 3183 (AT), 15 Civ. 6055 (AT), 2016 WL 304746, at *1 (S.D.N.Y. Jan. 4, 2016). Judge Torres also noted that Mr. Marron and his firm's attorneys had "substantial experience litigating complex consumer class actions, are familiar with the applicable law, and have the resources necessary to represent the class." *Id*.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 28th day of April, 2023, at San Diego CA.

*/s/ Kas L. Gallucci*
Kas L. Gallucci