# EXHIBIT 1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between UKG Inc., ("UKG") and William Muller, Antonio Knezevich, Adam Bente, and Cindy Villanueva (collectively referred to herein as "Plaintiffs"), individually and on behalf of the Settlement Class, in the consolidated case of In re UKG Inc. Cybersecurity Litigation, Master Docket No. 3:22-cv-00346-SI; United States District Court, Northern District of California. UKG and Plaintiffs are each referred to as a "Party" and are collectively referred to herein as the "Parties."

## I.   FACTUAL BACKGROUND AND RECITALS

1.   In December 2021, UKG was a target of a ransomware attack on its Kronos Private Cloud ("KPC") ("December 2021 KPC Cyberattack"), which affected the availability of KPC applications.  When UKG detected the December 2021 KPC Cyberattack, UKG took immediate action to contain it by, among other things, taking the KPC environment offline.

2.   Following the December 2021 KPC Cyberattack, multiple putative class action lawsuits were filed against UKG by employees of KPC customers.

3.   On January 18, 2022, Plaintiffs William Muller and Antonio Knezevich filed a putative class action complaint against UKG in the United States District Court for the Northern District of California with the caption *Muller v. UKG Inc.*, Case No. 22-cv-00346 (N.D. Cal.) ("Muller"). Muller brought claims against UKG related to the December 2021 KPC Cyberattack.

4.   On March 4, 2022, Plaintiff Adam Bente filed a putative class action complaint against UKG in the United States District Court for the Southern District of California with the caption *Bente v. UKG Inc.*, Case No. 22-cv-02554 (S.D. Cal.) ("Bente"). Bente also brought claims against UKG related to the December 2021 KPC Cyberattack.

5.   On March 21, 2022, Plaintiff Cindy Villanueva filed a putative class action complaint against UKG in the United States District Court for the Northern District of California with the caption *Villanueva v. UKG Inc.*, Case No. 22-cv-01789 (N.D. Cal.) ("Villanueva"). Villanueva also brought claims against UKG related to the December 2021 KPC Cyberattack.

6.   On May 20, 2022, the *Muller*, *Bente*, and *Villanueva* actions were consolidated before Judge Susan Illston in the United States District Court for the Northern District of California under the caption *In re UKG Inc. Cybersecurity Litigation*, Master Docket No. 3:22-cv-00346-SI (N.D. Cal.) (the "Action") (Dkt. 29).

7.   Plaintiffs collectively filed a consolidated complaint on June 21, 2022. (Dkt. 33).

8.   On August 5, 2022, UKG filed a motion to dismiss the consolidated complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 39).

9.   The Parties' Counsel are experienced litigators in consumer protection, data privacy, and data breach litigation.  At various times before and after the filing of the consolidated complaint and motion to dismiss, the Parties, through counsel, engaged in various discussion

regarding potential early mediation of this case.  The Parties exchanged confidential information related to the December 2021 KPC Cyberattack that allowed the Parties to assess all aspects of the case and meaningfully engage in arms-length settlement negotiations.  UKG provided informal discovery responses that included a summary of the facts based on the investigation into the December 2021 KPC Cyberattack as well as its recovery and restoration process and hardening measures. UKG also provided and directed Plaintiffs to information regarding the approximate total number of US customers impacted by the December 2021 KPC Cyberattack and the approximate total number of active licenses.  UKG also confirmed the exfiltration of personal data was limited to only two of its customers. These discussions eventually led to a private mediation.

10.     On September 8, 2022, the Parties conducted an all-day mediation with Bennett Picker of Stradley Ronan Stevens & Young in an effort to reach a settlement agreement. The Parties did not reach a settlement agreement during the mediation.

11.     With the aid of Mr. Picker, the Parties continued to explore settlement discussions in the weeks following the mediation and agreed to a settlement in principle.

12.     Plaintiffs and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Action and UKG's potential defenses. Plaintiffs believe that the claims asserted in the Action have merit, that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that they would have prevailed on the merits at summary judgment or trial.

13.     However, Plaintiffs and Class Counsel recognize that UKG has raised factual and legal defenses in the Action that presented a significant risk that Plaintiffs may not prevail and/or that a class might not be certified for trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as difficulty and delay inherent in such litigation.

14.     Plaintiffs and Class Counsel believe that this Agreement presents an exceptional result for the Settlement Class, and one that will be provided to the Settlement Class without delay. Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiffs and the Settlement Class. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement.

15.     UKG denies the material allegations in the Action, as well as any and all allegations of negligence, fault, wrongdoing or liability, and believes that it would have prevailed on the merits and that a class would not be certified for trial. Nevertheless, UKG has similarly concluded that this settlement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Class's claims. UKG thus desires to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Class.

16.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits

flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice or that judgment be entered in accordance with the settlement terms, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## II.     DEFINITIONS

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

17.     **"Action"** means the case captioned *In re UKG Inc. Cybersecurity Litigation*, Master Docket No. 3:22-cv-00346-SI (N.D. Cal.).

18.     **"Agreement"** or **"Settlement Agreement"** or **"Settlement"** means this Settlement Agreement and Release and the attached Exhibits.

19.     **"Approved Claim(s)"** means a Claim Form submitted by a Settlement Class member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement and approved by the Settlement Administrator.

20.     **"Claimant"** means an individual who has submitted a Claim Form.

21.     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than ninety (90) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

22.     **"Claim Form"** means the form which will be agreed upon by the Parties prior to seeking preliminary approval of this Settlement that Settlement Class Members may submit to obtain compensation under this Settlement Agreement. *See* **Exhibit 1**.

23.     **"Class Counsel"** means attorneys Michael S. Morrison and Erin Lim of Alexander Morrison & Fehr LLP; Jason Matthew Wucetich and Dimitrios Korovilas and Jason Wucetich of Wucetich Korovilas LLP; Ronald A. Marron, Alexis M. Wood, and Kas L. Gallucci of Law Office of Ronald A. Marron; and Jonathan M. Lebe and Zachary T. Gershman of Lebe Law, APLC.

24.     **"Class Representatives"** or **"Plaintiffs"** means the named Plaintiffs in the Action, William Muller, Antonio Knezevich, Adam Bente, and Cindy Villanueva.

25.     **"Court"** means the United States District Court for the Northern District of California, the Honorable Susan Illston presiding, or any judge who shall succeed her as the Judge assigned to the Action.

26.     **"*Cy Pres*"** means Privacy Rights Clearinghouse, a 501(c)(3) nonprofit organization.

3

27.     **"Defendant"** means UKG Inc.

28.     **"Defendant's Counsel"** or **"UKG's Counsel"** means attorney Alfred J. Saikali of Shook, Hardy & Bacon LLP.

29.     **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or Service Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order. If there are no objectors, the Effective Date is one day after the Final Approval Order.

30.     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

31.     **"Fee Award"** means the amount of attorneys' fees awarded to Class Counsel by the Court to be paid out of the Settlement Fund.

32.     **"Litigation Costs"** means the amount of litigation costs awarded to Class Counsel by the Court to be paid out of the Settlement Fund.

33.     **"Final Approval Hearing"** means the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, adequate, and approving the Fee Award, awarding Litigation Costs, and the Service Awards to the Class Representatives.

34.     **"Net Settlement Fund"** means the non-reversionary cash fund made by Defendant of Five Million Five Hundred Thousand Dollars ($5,500,000.00) plus any portion of the additional Five Hundred Thousand Dollars ($500,000.00) referenced in the Settlement Fund, less any Fee Award, Service Award to the Class Representatives, and Settlement Administration Expenses.

35.     **"Notice"** means the notice of the proposed Settlement and Final Approval Hearing which will be agreed upon by the Parties prior to seeking preliminary approval of this Settlement, and which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement. The Parties agree the Notice fulfills the requirements of Due Process and

Federal Rule of Civil Procedure 23, and is substantially in the form of the Exhibits attached hereto. *See* **Exhibit 2**.

36.     **"Notice Date"** means the date by which the Notice is disseminated to the Settlement Class and shall be a date no later than 30 days following the Court's Preliminary Approval Order.

37.     **"Objection/Exclusion Deadline"** means the date by which a written objection to the Settlement Agreement by a Class Member must be filed with the Court or a request for exclusion submitted by a person within the Settlement Class must be postmarked or received by the Settlement Administrator, which shall be designated as a date seventy-five (75) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

38.     **"Preliminary Approval Order"** means the Court's order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

39.     **"Released Claims"** shall have the meaning ascribed to it as set forth in Paragraph 60 of this Settlement Agreement.

40.     **"Released Parties"** means UKG, and its parents, subsidiaries, divisions, predecessors and successors, and each of their respective past and present officers, directors, stockholders, partners, members, employees, executors, predecessors, successors, attorneys, insurers, agents, and assigns. Released Parties expressly includes Kronos Incorporated. "Released Parties" expressly does not include any employers of the Settlement Class members, who are current or former customers of UKG.

41.     **"Releasing Parties"** means Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents.

42.     **"Service Award"** mean the award approved by the Court for the Class Representatives.

43.     **"Settlement Administration Expenses"** means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, creating and maintaining the Settlement Website, receiving and processing Claim Forms, dispersing Settlement Payments, related tax expenses, fees of the escrow agent, and other such related expenses, with all such expenses to be paid from the Settlement Fund, as approved by the Court.

44.     **"Settlement Administrator"** means the third-party settlement administrator agreed upon by the Parties, subject to approval of the Court, which will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, transmit Settlement Payments on Approved Claims, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

45.     **"Settlement Class Member(s)"** shall mean each and every member of the Settlement Class, as defined in Paragraph 51 of this Settlement Agreement, who does not timely

elect to be excluded from the Settlement Class.

46.     **"Settlement Fund"** means the following: (1) the non-reversionary cash fund that shall be established by Defendant in the amount of Five Million Five Hundred Thousand Dollars ($5,500,000.00); and (2) in the event that the number of submitted claims exhausts the $5,500,000.00, after the deduction of Settlement Administrator Expenses, Fee Award and Service Awards, and Litigation Costs, as contemplated in Paragraphs 53 to 55, Defendant shall supplement the Settlement Fund with an additional payment of up to Five Hundred Thousand Dollars ($500,000.00) ("Settlement Fund"). UKG has also committed to approximately One Million Five Hundred Thousand Dollars ($1,500,000.00) in security hardening measures as a result of the December 2021 KPC Cyberattack and this Action. The Total Economic Benefits provided for in this Settlement is therefore up to approximately Seven Million Five Hundred Thousand Dollars ($7,500,000.00). Within twenty-five (25) days of the entry of the Preliminary Approval Order, Defendant or any other party on behalf of Defendant shall deposit $1,200,000.00 (One Million Two Hundred Thousand Dollars) into the Escrow Account for the purpose of funding Settlement Administration Expenses related to Notice. Within twenty-one (21) days of Final Approval, assuming that there are no objections or appeals, Defendant shall transmit the remaining balance of the Settlement Fund to the Escrow Account. The Settlement Fund shall satisfy all monetary obligations of Defendant under this Settlement Agreement, including the Fee Award, Litigation Costs, Settlement Administration Expenses, payments to the Settlement Class Members, Service Awards, and any other payments or other monetary obligations contemplated by this Agreement. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party.

47.     **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be www.KronosPrivateCloudSettlement.com, or such other URL as the Parties may subsequently agree to.

48.     **"Total Economic Benefit"** means the non-reversionary cash Settlement Fund made by Defendant of Five Million Five Hundred Thousand Dollars ($5,500,000.00), the additional payment by Defendant of up to Five Hundred Thousand Dollars ($500,000.00), as well as Defendant's One Million Five Hundred Thousand Dollars ($1,500,000.00) in security hardening measures resulting from the December 2021 KPC Cyberattack and this Action.

## III.     SETTLEMENT CLASS CERTIFICATION

49.     For purposes of the Settlement only, the Parties stipulate and agree that: (1) the Settlement Class and Subclasses shall be certified in accordance with the definition contained in Paragraph 51, below; (2) Plaintiffs shall represent the Settlement Class for settlement purposes as the Class Representatives; and (3) Plaintiffs' Counsel shall be appointed as Class Counsel.

50.     UKG does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement, or if for any other reason final approval of the Settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered into. In the event that Final Approval of the Settlement is not achieved: (1) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (2) the fact of the settlement reflected in this Settlement Agreement, that UKG did not oppose the certification of a class under this Settlement Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

51.     Subject to Court approval, the Settlement Class consisting of the following subclasses shall be certified for settlement purposes:

    a.  **Nationwide Class**: All natural U.S. persons who are current or former employees or contractors, including their dependents, of UKG customers, whose data was stored in the KPC at the time of the December 2021 KPC Cyberattack and who were impacted by the interruption of KPC applications resulting from the December 2021 KPC Cyberattack.

    b.  **California Subclass**: All members of the Nationwide Class who are also California residents at the time of the December 2021 KPC Cyberattack.

    c.  **Exfiltration Subclass**: All members of the Nationwide Class who were sent notice that their personal data was exfiltrated during the December 2021 KPC Cyberattack and were offered credit monitoring services for themselves or on behalf of their dependents.

52.     Excluded from the Settlement Class are UKG's officers, directors, and employees; any entity in which UKG has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of UKG. Excluded also from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. Also excluded from the Settlement Class are non-natural persons.

## IV.     SETTLEMENT BENEFITS TO CLASS

### 53.     Settlement Payments to Settlement Class Members

    a.     UKG will agree to make the following compensation available to Settlement Class Members who submit an Approved Claim. Each Settlement Class Member shall be entitled to submit no more than one Claim for compensation as described in Paragraphs 53-56.  Claims based on attestation may be made using a check-box on an online form or mailed form if requested. Settlement Payments exceeding $600.00 may be treated as reportable/taxable income requiring the processing of W-9 forms by the

Settlement Administrator.

      b.    **Cash Compensation**: From the Net Settlement Fund and upon submission of an Approved Claim, UKG will provide:

          i.   Nationwide Class Member: each Nationwide Class Member shall receive compensation for Ordinary Losses (as defined below);

          ii.  Exfiltration Subclass Member: in addition to compensation for Ordinary Losses (as defined below) provided to the Nationwide Class, each Exfiltration Subclass Member shall receive compensation for Extraordinary Losses (as defined below), and an additional payment of $100.00; and,

          iii. California Subclass Member: in additional to compensation for Ordinary Losses (as defined below) provided to the Nationwide Class and Extraordinary Losses provided to the Exfiltration Subclass (if applicable and as defined below), each California Subclass Member, who attests to being a resident of California, shall receive an additional payment of $30.00.

      c.   Should the Net Settlement Fund be insufficient to cover all Approved Claims in full, UKG will supplement up to an additional Five Hundred Thousand Dollars ($500,000.00) to cover the Approved Claims.  Should that additional amount be insufficient to pay Approved Claims in full, all such payments to Settlement Class Members will be reduced pro rata.  To satisfy a pro rata reduction, the Parties intend to decrease the hourly rate of lost time provided under ordinary losses and described in paragraph 54(b).  Further the Parties intend to first compensate in full the Exfiltration Subclass Members.  To the extent the Net Settlement Fund is not exhausted, Settlement Class Members who submit Approved Claims will receive an equal share as an enhancement of their cash compensation up to the Net Settlement Fund on a per person basis.  To reduce or eliminate any residual amount, any remainder amounting to less than one cent per Claimant shall be allocated in the order that claims were received until the Settlement Fund is exhausted.

54.    **Compensation for Ordinary Losses**: UKG will provide compensation for unreimbursed personal losses, not including lost wages, up to a total of $1,000.00 per person, to Settlement Class Members upon submission of an Approved Claim and supporting documentation (if necessary) of the following categories of claimed losses:

      a.   *Out-of-pocket expenses incurred* as a result of the December 2021 KPC Cyberattack including, but not limited to, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), bank fees (documented), credit monitoring (documented), or late fees (documented), all of which must be more likely than not caused by and fairly traceable to the December 2021 KPC Cyberattack and subsequent interruption of applications hosted in the KPC and

must not have been previously reimbursed by a third party, and that are supported by documentation if necessary and sworn attestation that substantiates the full extent of the amount claimed;

      b.    *Up to four hours of lost personal time*, at $25/hour, spent responding to the December 2021 KPC Cyberattack. Settlement Class and Subclass members may submit Claims for up to four hours of lost personal time with an attestation that they spent the claimed time responding to issues resulting from the December 2021 KPC Cyberattack and have not been previously reimbursed by a third party for this time, including time spent responding to interruption of applications hosted in the KPC.

      55.    **Compensation for Extraordinary Losses:** UKG will provide compensation, up to a total of $7,500.00 per person, to Settlement Class Members in the Exfiltration Subclass, upon submission of an Approved Claim and supporting documentation for proven monetary loss associated with fraud or identity theft if:

      a.    The loss is an actual, documented, and unreimbursed monetary loss;

      b.    The loss was more likely than not caused by and fairly traceable to the December 2021 KPC Cyberattack;

      c.    The loss is not already covered by the **Compensation for Ordinary Losses** outlined in Paragraph 54 above; and,

      d.    The Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring services and identity theft insurance.

Settlement Class Members with Extraordinary Losses set forth above must submit adequate documentation establishing their claims. This can include receipts or other documentation as long as it is not "self-prepared" by the Claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

      56.    **Payment Method:** For each Claimant, the Settlement Administrator shall provide Settlement Payments through an electronic or other payment option to be selected by Claimant on the Claim Form.  Settlement Class Members with Approved Claims who fail to provide sufficient or correct information to permit such electronic or other payment, shall, after a reasonable attempt to resolve any such payment issues, relinquish their right to compensation under the Settlement. Settlement Class Members opting to receive payments via check shall have ninety (90) days to deposit, cash or negotiate the checks; otherwise, the checks will become null and void.  In such instance, the uncashed checks will be handled according to Paragraph 57.

      57.    **Disposition of Residual Amounts:** If, despite the best efforts of the Settlement Administrator, a residual amount remains after distribution, all remaining balance shall be paid to the *Cy Pres* Recipient to ensure no funds revert to UKG.

      58.    **Prospective Relief**

a.     UKG represents that it has taken and will continue to take measures to harden the security of KPC environment impacted by the December 2021 KPC Cyberattack. Those measures include, for various periods of time depending on the measure: expanding the scanning and monitoring program using insights from its investigation; supplementing UKG's Security Operations Center monitoring with additional third-party managed service monitoring; deploying additional malware scanning tools across all products and UKG's corporate IT environment; and expanding cold storage backups. The estimated cost of such measures is in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00).

59.     All Settlement Class members who fail to timely submit a claim for any benefits hereunder within the time frames set forth within, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payment or benefits pursuant to the Settlement set forth within, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Final Judgment.

## V.     RELEASE

60.     **Release:** Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims—defined as follows:

Any and all claims, demands, actions, and causes of action that each and every Settlement Class Member has, had, or may ever have, known or unknown, suspected or unsuspected, fixed or contingent, accrued or unaccrued, arising out of or in any way related to the December 2021 KPC Cyberattack and the resulting interruption of Released Parties' products and services, including all claims or causes of action stemming from statutory, contractual, or common law rights under which the Settlement Class Members could seek to recover for any impact of the December 2021 KPC Cyberattack based on the allegations in the operative complaint, and all claims or causes of action that were or could have been brought in the Action based on the same factual predicate, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. Released Claims expressly do not include any claims, demands, actions, and causes of action (whether statutory, contractual, or common law) for wages of any kind brought against Released Parties relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications.

Defendant denies that Released Parties have any legal obligation for claims, demands, actions, or causes of action for wages of any kind relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications. Plaintiffs recognize the novelty and uncertainty of such claims. The Parties nevertheless agree that Released Claims expressly do not include any claims, demands, actions, and causes of action (whether statutory, contractual, or common law) for wages of any kind brought against Released Parties relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications.

## VI.     ADMINISTRATION OF THE SETTLEMENT AND CLASS NOTICE

61.     **Notice to the Settlement Class:** The Settlement Administrator shall provide notice to the Settlement Class Members and administer the Settlement under the Parties' supervision and subject to the exclusive jurisdiction of the Court.

62.     In connection with a motion seeking a Preliminary Approval Order, Class Counsel shall present the Notice Plan to the Court for approval, which shall advise the Settlement Class Members of their rights under the Settlement, including the right to be excluded from or object to the Settlement Agreement or its terms. In accordance with Paragraph 68 below, the Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of his or her intention to do so and at the same time (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who must also file an appearance, and (c) sends copies of such papers via e-mail, U.S. mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

63.     Dissemination of the Notice shall be accomplished by the Settlement Administrator and shall comply with the following:

    a.     *Class Member Information*: UKG warrants and represents that it does not possess and/or is not authorized to access the e-mail addresses, physical addresses, or other contact information for any Settlement Class Members.

    b.     *Settlement Website*: Prior to the dissemination of the Notice, the Parties agree to direct the Settlement Administrator to create a Settlement Website dedicated to providing information related to the Action and this Settlement, including the Notice contained within **Exhibit 2**. This Settlement Website will include the information in the Notice, access to relevant publicly available court documents relating to the Action and provide Settlement Class Members with the ability to make Claims for a cash benefit, and allow Settlement Claims Members to submit documents to supplement or cure deficient Claims.

    c.     *Settlement Toll Free Number*: The Settlement Administrator shall establish and maintain a toll free telephone number with information relevant to this Settlement.

    d.     *Social Media Campaign:* The Notice will appear as targeted digital display ads on websites and/or on social media, as agreed to by the Parties.  Targeted ads will link users to the Settlement Website.

    e.     *UKG Notice:* UKG will use its best efforts to notify KPC customers affected by the December 2021 Cyberattack by providing a link to the Notice and the Settlement Website to the customer contact on file no later than 30 days following the Court's Preliminary Approval Order, so the KPC customers

may decide, in their sole discretion, whether/how to disseminate the Notice to their respective employees. This notice shall be supplemented with publication on UKG's own website at the following URL: UKG.com/KronosPrivateCloudSettlement which shall link to the Notice and the Settlement Website and can also be found via the search function on UKG.com. Direct Notice to class members will be limited to efforts described in Par. 63(f) below.

 f.  *Direct Notice to the Exfiltration Subclass*: To the extent mailing addresses of members of the Exfiltration Class can be obtained by the Settlement Administrator, Settlement Administrator shall provide Notice directly by mail to the Exfiltration Subclass no later than 30 days following entry of the Order granting Preliminary Approval.

 g.  *CAFA Notice*: Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorney General of the United States and any other required government official notice of the proposed settlement as required by law. The cost of this notice shall be paid from the Settlement Fund.

 h.  Notice and any social media campaign messaging is subject to review and approval by the Parties as well as an expert specializing in providing notice to class members. Should the Settlement Administrator determine that supplemental Social Media notice is necessary to ensure proper reach, the Settlement Administrator is authorized to undertake said measures upon approval by Class Counsel and Defendant's Counsel. Notice will also include Spanish translation.

The administration of the Settlement is defined as the approval of the form of notice program and all related forms; creation and maintenance of Settlement Website; creation and maintenance of a toll free number; day-to-day administration of the Settlement, including responding to Settlement Class member inquiries; delivery to the Parties of any requests for opt-outs or objections; communications to the Parties about any issues that may arise; and the preparation of an Affidavit of Fairness of the Notice Program to be submitted to the Court with the Motion for Final Approval. The notice program shall be designed to provide maximum clarity and ease of Claim submission.

 64.  **Maintenance of Records:** The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide weekly reports to Class Counsel and Defendant's Counsel with information concerning the Notice, the number of Claim Forms submitted, the number of Approved Claims, any requests for exclusion, and the administration and implementation of the Settlement. The Settlement Administrator shall make available for inspection by Defendant's Counsel all of the Approved Claim Forms received by the

Settlement Administrator at any time upon reasonable notice. The Settlement Administrator shall confirm whether an individual submitted an Approved Claim Form upon request by Class Counsel. The Settlement Administrator shall make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms for denied Claimants received by the Settlement Administrator at any time upon reasonable notice. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Settlement Fund paid to Settlement Class Members, the number and value of checks not cashed, the number and value of electronic payments unprocessed, and the amount distributed to any *cy pres* recipient.

65.     **Processing Claim Forms:** The Settlement Administrator shall administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse, fraud, and plausibility and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. The Settlement Administrator shall promptly notify the Claimant, via the email address provided by the Claimant, of any Claim Forms rejected in whole or in part and provide its reasons. In the event the Settlement Administrator does not receive such information within twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied in whole or in part. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form. Any Claimant may dispute the Settlement Administrator's determination regarding their Claim Form. The Settlement Administrator shall advise the Parties of any such disputes and provide enough information to the Parties so they can provide their position on the dispute, if they so choose. The Settlement Administrator will have the final determination as to the viability of any Claim Form submitted. UKG shall maintain the ability to challenge any claims made by the Exfiltration Subclass that are not supported by necessary documentation.

66.     **Timing of Settlement Payments:** The Settlement Administrator shall make Settlement Payments contemplated in this Settlement Agreement to all Settlement Class Members, who, if necessary, have completed required tax forms, within forty-five (45) days after the Effective Date.

67.     **Tax Reporting:** The Settlement Administrator shall be responsible for all tax filings related to the Escrow Account and making any required "information returns" as that term is used in 26 U.S.C. § 1 *et seq.* Neither Class Counsel nor Defendant make any representations regarding the tax treatment of the Settlement Fund nor is Defendant responsible for the tax treatment to the Settlement Payments received by any Settlement Class Member.

68.     **Right to Object or Comment:** Any person in the Settlement Class who intends to

13

object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the objector's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writing that the objector desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

In addition, for any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid, the objection must include the following: (a) a written statement of any legal support for such objection; (b) copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the judge to consider when reviewing the objection; (c) a list of all persons who will be called to testify in support of the objection, if any; and (d) a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection has not objected to any other class action Settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

Any person in the Settlement Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action in any other action or proceeding. In order to be considered timely, objections must be actually filed with the Court by the deadline stated in the Notice.

69.     **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *In re UKG Inc. Cybersecurity Litigation*, Master Docket No. 3:22-cv-00346 (N.D. Cal.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re UKG Inc. Cybersecurity Litigation*, Master Docket No. 3:22-cv-00346 (N.D. Cal.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the

Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. However, where a request for exclusion is missing information, the Settlement Administrator shall contact the person seeking exclusion and give them an opportunity to provide the missing information, which must be provided within twenty-eight (28) days of the Claims Deadline. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order (as defined below). No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## VII.   PRELIMINARY APPROVAL AND FINAL APPROVAL

70.    Plaintiffs, through Class Counsel, shall submit this Settlement Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Settlement Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the Notice Plan.

71.    At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately 160 days after entry of the Preliminary Approval Order and approve the settlement of the Action as set forth herein.

72.    At least fourteen days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiffs will move for (1) final approval of the Settlement; (2) final appointment of the Class Representatives and Class Counsel; and (3) final certification of the Settlement Class, including for the entry of a Final Order and Judgment identical in all material respects to the proposed Final Order and Judgment, and file a memorandum in support of the motion for final approval.

## VIII.   TERMINATION OF THE SETTLEMENT AGREEMENT

73.    Subject to Paragraph 77 below, the Class Representatives, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to Class Counsel or Defendant's Counsel within ten (10) days of any of the following events: (i) the Court's refusal to enter the Preliminary Approval Order approving of this Agreement in any material respect;  (ii) the Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the Court's refusal to enter a final judgment in this Action in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. The Party who elects to terminate this Agreement shall be exclusively responsible for payment of the Settlement Administrator's

costs/fees incurred up to the point of termination.

## IX.   SERVICE AWARDS AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

74.     Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award from the Settlement Fund. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel which will be filed at least fourteen (14) days before the Objection deadline. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to thirty-three and 1/3 percent (33.33%) of the Settlement Fund. Plaintiffs will also separately seek their Litigation Costs not to exceed $50,000.00 to be paid from the Settlement Fund. Defendant may challenge the amounts requested. Payment of the Fee Award and Litigation Costs shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund and be distributed to Settlement Class Members with Approved Claims as Settlement Payments. The Fee Award and Litigation Costs shall be payable within five (5) business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to accounts designated by Class Counsel after providing necessary information for electronic transfer.

75.     In recognition of Plaintiffs' efforts on behalf of the Settlement Class, and subject to Court approval, Class Counsel may apply to the Court for an award for each Plaintiff of up to Seven Thousand Five Hundred Dollars ($7,500) from the Settlement Fund ("Service Award"), in addition to any Settlement Payment pursuant to this Settlement Agreement. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments. Any Service Awards shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the Effective Date.

## X.   CONFIRMATORY DISCOVERY

76.     In addition to the formal and informal discovery conducted by the parties prior to the September 8, 2022 mediation in this matter, this Settlement Agreement is subject to further confirmatory discovery regarding all factual premises underlying the parties' negotiations and resulting settlement terms.  Such confirmatory discovery shall include Plaintiffs propounding and Defendant providing verified interrogatory responses on topics including, but not limited to, the following: the degree to which Settlement Class members' personally identifiable information was exfiltrated in connection with the December 2021 KPC Cyberattack, Defendant's access (or lack thereof) to the contact information, including the physical addresses and e-mail addresses, of Settlement Class members (or lack thereof), the scope of the December 2021 KPC Cyberattack, the measures taken to respond to the December 2021 KPC Cyberattack, and the security measures implemented as a result of the December 2021 KPC Cyberattack. UKG agrees to work cooperatively with Plaintiffs to provide this confirmatory discovery, which is a material condition

of this Settlement.

## XI.  CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

77.    The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Paragraph 78:

      **a.**    This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

      **b.**    The Court has entered a Preliminary Approval Order;

      **c.**    The Court has entered a Final Approval Order, or a judgment materially identical to this Settlement Agreement that has become final and no longer appealable, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

      **d.**    In the event that the Court enters an approval order and final judgment in a form other than that provided above (the "Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and no longer appealable.

78.    If some or all of the conditions specified in Paragraph 77 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 79, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Settlement Agreement from becoming effective, nor shall they be grounds for termination of the Agreement: (1) the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the Service Award to the Class Representative, regardless of the amounts awarded, or (2) the Court's determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an appropriate forum.

79.    If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

## XII.  MISCELLANEOUS PROVISIONS.

80.     The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

81.     Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

82.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties and their attorneys agree not to assert that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis. Plaintiffs, Defendant, and their respective counsel further agree not to make defamatory or disparaging remarks, comments, or statements concerning Defendant or Plaintiffs in media outlets or on social media, though this provision shall expressly exclude statements made by Plaintiffs' counsel or their clients in the course of other litigation. Defendant reserves any and all rights and claims it may have related to statements made by Plaintiffs' counsel or their clients in the course of other litigation.

83.     The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

84.     Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

       a.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund, Settlement Payment or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

18

**b.** is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**c.** is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

**d.** is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

**e.** is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**f.** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

85.  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

86.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

87.  All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

88.     This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

89.     Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

90.     Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

91.     Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

92.     This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

93.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

94.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California without reference to the conflicts of law provisions thereof.

95.     This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

/ / /

/ / /

/ / /

/ / /

96.     Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, as follows:

If to Class Counsel:

Jason M. Wucetich
Dimitrios V. Korovilas
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy.
Suite 2000
El Segundo, CA 90245
Tel: (310) 335-2001
jason@wukolaw.com
dimitri@wukolaw.com

Michael Morrison
ALEXANDER MORRISON + FEHR LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel: (310) 394-0888
mmorrison@amfllp.com

Ronald A. Marron
Alexis M. Wood
Kas L. Gallucci
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
ron@consumesradvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

Jonathan M. Lebe
Zachary T. Gershman
LEBE LAW, APLC
777 S. Alameda St.
Los Angeles, CA 90019
Tel: (213) 444-1973
Jon@lebelaw.com
Zachary@lebelaw.com

If to UKG Inc.'s Counsel:

Alfred J. Saikali
SHOOK, HARDY & BACON, LLP
Citigroup Center
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Tel: 305.358.5171
asaikali@shb.com

97.    This Settlement Agreement shall be deemed executed as of the date that the last Party signatory signs the Agreement.

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

WILLIAM MULLER, individually and as Class Representative

Signature: _____

Date: 3-20-23

ANTONIO KNEZEVICH, individually and as Class Representative

Signature: _____

Date: _____

ADAM BENTE, individually and as Class Representative

Signature: _____

Date: _____

CINDY VILLANUEVA, individually and as Class Representative

Signature: _____

Date: _____

WUCETICH & KOROVILAS LLP, as Class Counsel

By: _____

Print Name: _____

Date: _____

ALEXANDER MORRISON + FEHR LLP, as Class Counsel

By: _____

Print Name: _____

23

WILLIAM MULLER, individually and as Class Representative

Signature: _____

Date: _____

ANTONIO KNEZEVICH, individually and as Class Representative

Signature: _____

Date: _____
3/20/2023

ADAM BENTE, individually and as Class Representative

Signature: _____

Date: _____

CINDY VILLANUEVA, individually and as Class Representative

Signature: _____

Date: _____

WUCETICH & KOROVILAS LLP, as Class Counsel

By: _____

Print Name: _____

Date: _____

ALEXANDER MORRISON + FEHR LLP, as Class Counsel

By: _____

Print Name: _____

WILLIAM MULLER, individually and as Class Representative

Signature: _____

Date: _____

ANTONIO KNEZEVICH, individually and as Class Representative

Signature: _____

Date: _____

ADAM BENTE, individually and as Class Representative

Signature: *Adam Bente*
Adam Bente (Apr 12, 2023 13:35 PDT)

Date: Apr 12, 2023
_____

CINDY VILLANUEVA, individually and as Class Representative

Signature: _____
Cindy Villanueva (Apr 12, 2023 12:58 PDT)

Date: Apr 12, 2023
_____

WUCETICH & KOROVILAS LLP, as Class Counsel

By: _____

Print Name: _____

Date: _____

ALEXANDER MORRISON + FEHR LLP, as Class Counsel

By: _____

Print Name: _____

23

WILLIAM MULLER, individually and as Class Representative

Signature: _____

Date: _____

ANTONIO KNEZEVICH, individually and as Class Representative

Signature: _____

Date: _____

ADAM BENTE, individually and as Class Representative

Signature: _____

Date: _____

CINDY VILLANUEVA, individually and as Class Representative

Signature: _____

Date: _____

WUCETICH & KOROVILAS LLP, as Class Counsel

By: _____

Print Name: Dimitrios V. Korovilas

Date: 3/20/23

ALEXANDER MORRISON + FEHR LLP, as Class Counsel

By: _____

Print Name: _____

23

WILLIAM MULLER, individually and as Class Representative

Signature: _____

Date: _____

ANTONIO KNEZEVICH, individually and as Class Representative

Signature: _____

Date: _____
3/20/2023

ADAM BENTE, individually and as Class Representative

Signature: _____

Date: _____

CINDY VILLANUEVA, individually and as Class Representative

Signature: _____

Date: _____

WUCETICH & KOROVILAS LLP, as Class Counsel

By: _____

Print Name: _____

Date: _____

ALEXANDER MORRISON + FEHR LLP, as Class Counsel

By: _____

Print Name: Michael Morrison

3-23-23

23

LAW OFFICES OF RONALD A. MARRON, as Class Counsel   Signed as to Form

By: _____

Print Name: ___Alexis M. Wood_____

Date: _____April 12, 2023_____

LEBE LAW, APLC, as Class Counsel (Signed as to Form)

By: _____

Print Name: ___Jonathan M. Lebe_____

Date: ___April 11, 2023_____

UKG INC.

By: _____

Print Name: _____Elizabeth M. McCarron_____

Title: _____Chief Legal Officer_____

Date: _____March 17, 2023_____

SHOOK, HARDY & BACON, LLP, as UKG Inc.'s Counsel

By: _____

Print Name: _____Alfred Saikal_____

Date: _____March 17, 2023_____