JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy., Suite 2000
El Segundo, CA 90245
Telephone:   (310) 335-2001
Facsimile:   (310) 364-5201

MICHAEL S. MORRISON (SBN 205320)
mmorrison@amfllp.com
ERIN A. LIM (SBN 323930)
elim@amfllp.com
ALEXANDER MORRISON + FEHR LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:   (310) 394-0888
Facsimile:   (310) 394-0811

Attorneys for Plaintiffs
WILLIAM MULLER and ANTONIO KNEZEVICH,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION | CASE NO. 22-CV-00346-SI |
| | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | **DECLARATION OF DIMITRIOS V. KOROVILAS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Hearing Date:  June 2, 2023<br>Time:             10:00 a.m.<br>Courtroom:    1, 17th Floor, Via Zoom<br>Judge:            Hon. Susan Illston |

I, Dimitrios V. Korovilas, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts in the state of California and the Northern District of California and am a partner at Wucetich & Korovilas LLP, counsel of record for Plaintiffs William Muller and Antonio Knezevich in the above-entitled action. Based on that representation, I have personal knowledge of the matters stated herein and could and would testify competently about them if called upon to do so. I make this declaration in support of the motion by all plaintiffs for preliminary approval of the parties' proposed settlement in this action.

2. The three cases underlying this consolidated action each arise from defendant UKG, Inc.'s alleged failure to implement and maintain reasonable cybersecurity procedures and practices with respect to the sensitive and confidential personal information UKG obtains from its customers' employees, the cybersecurity incident that UKG experienced beginning in December 2021, and the resultant shut down of its timekeeping and payroll services that lasted for some months. My firm's case was the first-filed case of any class action still pending against UKG related to the cybersecurity incident. My firm, together with our co-counsel at Alexander Morrison + Fehr LLP, have worked cooperatively with all Plaintiffs' counsel in this consolidated action and generally taken the lead throughout the duration of this litigation. As alleged in the complaint, UKG is a multi-billion-dollar workforce management technology company that provides third-party human resources services, including timekeeping and payroll services, to companies around the globe. In connection with those services, UKG collects, stores, and processes personal information and data for thousands of companies and millions of workers, including a multitude of companies and workers in California and throughout the nation. UKG's clients form a broad cross section of corporate America and public organizations, including the likes of PepsiCo, Tesla, Gamestop, the University of California system, the County of Santa Clara, and many private and public hospital and healthcare organizations, including Family Health Centers of San Diego and Wellpath Recovery Solutions, LLC. Plaintiffs assert claims on behalf of a nationwide class for negligence, negligence per se, unjust enrichment, declaratory judgment, breach of contract, and common law invasion of privacy. Plaintiffs also bring claims

on behalf of a California subclass for violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.150, the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*, violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and for invasion of privacy based on the California Constitution, Art. 1, § 1. Plaintiffs seek, among other things, compensatory damages, punitive and exemplary damages, statutory damages pursuant to Cal. Civ. Code § 1798.150(b), injunctive relief, attorneys' fees, and costs of suit.

3. A true and correct copy of the parties' fully executed proposed settlement agreement, which sets forth all terms of settlement, is attached as <u>Exhibit 1</u> the concurrently filed declaration of Kas Gallucci. The settlement agreement was reached only after arms' length settlement discussions among all parties and their counsel. The agreement is a result of the parties' global mediation before Bennett Picker on September 8, 2022, as well as numerous additional follow up discussions with Mr. Picker that occurred thereafter, as well as extensive discussions with counsel in other overlapping litigation in cases pending in Florida and Massachusetts. The agreement presents the full, complete, and exclusive terms and conditions applicable to the proposed settlement. There are no "side agreements" in connection with the proposed settlement.

4. Plaintiffs have created an extensive factual record for this case. Prior to filing our complaint on behalf of Plaintiffs Muller and Knezevich, my offices conducted a thorough factual investigation into the facts and legal support underlying Plaintiffs claims, including extensive legal research as well as conducting interviews of many dozens of class members affected by the cybersecurity incident. Since the filing of these actions, Plaintiffs' counsel have continued their investigations, both through formal and informal discovery and other means. Among other things, Plaintiffs have propounded numerous sets of comprehensive written discovery requests, including requests for production of documents, requests for inspection, and special interrogatories. Plaintiffs have reviewed all documents produced by UKG, both formally and informally in connection with the parties' mediation, and met and conferred extensively with defense counsel regarding deficiencies and follow up regarding their productions. Plaintiffs have also cooperated with Defendant's formal and informal requests for document and information. To the extent the

1  settlement is premised on any informally produced documents and information, the parties have
2  further agreed to additional confirmatory discovery as necessary.

3      5.    All plaintiffs' counsel have, furthermore, spent significant hours following up on
4  the factual bases and merits of the claims and defenses via meet-and-confer discussions with
5  defense counsel, internal discussions among Plaintiffs' counsel, meetings, phone calls, and
6  significant written correspondence, in addition to their own independent investigations of the
7  facts and defenses.

8      6.    Based on my experience and review of this case, it is my opinion that the proposed
9  settlement is fair, adequate, and reasonable, for the reasons set forth in detail in Plaintiffs' motion
10 for preliminary approval.

11     7.    I received my juris doctor degree from the University of California, at Davis,
12 School of Law in 2006 and became licensed to practice law in California at that time. I received
13 my bachelor's degree in economics from the University of Chicago in 2003.  I co-founded by law
14 firm, Wucetich & Korovilas LLP, with my partner, Jason M. Wucetich, in 2010.  Prior to that, I,
15 along with my partner, Mr. Wucetich, the other attorney at my firm assigned to this matter,
16 worked together as attorneys in the litigation department of Orrick, Herrington & Sutcliffe's Los
17 Angeles Office.  Orrick is a large, international firm with approximately 1,000 attorneys and
18 offices throughout the world.  I also previously externed for the Honorable David F. Levi, former
19 chief judge of the U.S. District Court for the Eastern District of California.  My partner, Mr.
20 Wucetich, received his juris doctor degree from the University of California, at Davis, School of
21 Law in 2002 and became licensed to practice law at that time. He received his bachelor's degree
22 in economics and political science from Stanford University in 1997.  Mr. Wucetich also
23 previously worked for several years in Los Angeles in the litigation department of Pillsbury
24 Winthrop Shaw Pittman, another large firm, along with me, before our practice group moved to
25 Orrick.

26     8.    Throughout our practice, both previously at the large firm level and at our current
27 firm, my partner and I have had significant experience in class action and other complex
28 litigation, including numerous data breach and other consumer class action cases. Mr. Wucetich

- 4 -

has personally first-chaired five jury trials and second-chaired four jury and bench trials. Complex litigation, in both the individual and class action context, has constituted a significant portion of both my partner's and my practice generally and also our day-to-day activities. Throughout our practice, we have regularly represented clients in both state and federal courts and at both the trial and appellate levels. Some of my and/or my partner's significant current and past class action and other complex cases over the course of our careers have included, among others:

  a. *In re Snap Financial Data Breach Litigation*, Case No. 2:22-cv-00761-TS-JCB (D. Utah) (consolidated consumer class action data breach case, pending);

  b. *Martinez v. Valex Corp.* Ventura County Superior Court Case No. 56-2022-00572595-CU-NP-VTA (consumer class action data breach case, settlement pending);

  c. *Contreras v. Robins & Morton Corp.*, Case No. 3:23-cv-00164-LB (N.D. Cal.) (consumer class action data breach case, pending)

  d. *Owens v. Smith, Gambrell & Russell Int'l, LLP*, Case No. 2:23-cv-01789-JAK-JDE (C.D. Cal.) (consumer class action data breach case, pending)

  e. *Johnson v. Cerebral, Inc.*, Case no. 23-cv-01901-FMO-MAA (C.D. Cal.) (consumer class action data breach case, pending);

  f. *Muller et al. v. PepsiCo, Inc. et al.*, San Francisco Superior Court Case No. CGC-22-597909 and *Stevens v. PepsiCo, Inc. et al.*, Case No. 22-cv-00802 (S.D.N.Y.) (employment class action cases stemming from UKG cybersecurity incident, successfully settled);

  g. *In re Neutron Wage & Hour Cases*, JCCP Case no. 5044, San Francisco Superior Court Case No. 21-CJC-005044 (employment class action and PAGA claims, successfully settled);

  h. *Shenkman v. Tesla, Inc.*, Alameda Superior Court Case No. RG21102833 (certified class counsel in consumer class action case, pending);

  i. *In re DirecTV Wage and Hour Cases*, JCCP Case No. 4850 (Santa Clara Superior

Court) (lead case No. 1-14-CV-274709) (employment class action and PAGA claims, successfully settled);

j. *Habelito v. Guther-Renker LLC*, Case No. BC499558 (Los Angeles Superior) (certified consumer class action case, successfully settled);

k. *Payless Wage and Hour Cases*, JCCP Case No. 4699 (Los Angeles Superior Court) (employment class action, successfully settled);

l. *Bernardino, et al. v. NCS Pearson, Inc.*, Case No. CIVDS1511972 (San Bernardino Superior Court) (employment class action, successfully settled);

m. *Ledterman v. James Perse Enterprises*, Case No. BC480530 (Los Angeles Superior) (consumer class action case, successfully settled);

n. *Stathopoulos v. Retail Brand Alliance, Inc. d/b/a Brooks Brothers*, Case No. BC462887 (Los Angeles Superior Court) (consumer class action case, successfully settled).

o. *Adjamian v. Sunglass Hut Trading LLC, et al.* Case No. 30-2011-00451217-CU-BT-CXC (Orange County Superior) (consumer class action case, successfully settled);

p. *Baghdassarian et al. v. Nordstrom, Inc.,* Case No. BC448357 (Los Angeles Superior) (consumer class action, successfully settled);

q. *Wolff v. Hyatt Corporation et al.*, Case No. 10CV7266 (C.D. Cal.) (civil rights class action case, successfully settled);

r. *Finseth v. Network Solutions LLC*, Case No. CV 08-1537 PSG (VBx) (C.D. Cal.) (consumer class action case, successfully settled);

s. *McElroy v. Network Solutions LLC*, Case No. CV 08-01247 PSG (VBKx) (C.D. Cal.) (consumer class action case, successfully settled);

t. *Carlson v. eHarmony.com, Inc.*, Case No. BC371958 (Los Angeles Superior) (civil rights class action case, successfully settled);

u. *McNett v. Network Management Group, Inc. et al*, Case No. BC330892 (Los Angeles Superior) (employee misclassification class action case);

1      v. *Ingalls v. Hallmark Retail, Inc.*, Case No. CV08-04342 VBF(Ex), consolidated with CV08-05330 (VBF)(FFMx), consolidated with CV08-07481 (VBF)(Ex) (C.D. Cal.) (wage/hour employment class action);

    w. *Ceryx Asset Recovery LLC v. Cummins West, Inc. et al.*, JAMS Ref. 1220035720 (represented plaintiff in complex employment and trade secrets arbitration case that proceeded through weeks of arbitration before reaching a successful settlement);

    x. *Tyson Foods v. Foster Farms, Rao, et al.* (multiple complex employment and trade secrets cases around the country that ultimately settled successfully);

    y. *Vident v. Dentsply International, Inc.*, Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) (represented the plaintiff in an antitrust case that resulted in an $18 million stipulated judgment on the eve of trial);

    z. *Warren v. AW Chesterton Company et al.,* Case No. CGC-07274470 (San Francisco Superior) (represented defendant in a products liability trial that resulted in a complete defense verdict after weeks of trial);

    aa. *DHL Reseller Litigation* (represented DHL in numerous related complex commercial cases nationwide based on its exit from the domestic market, with many cases involving dozens of parties);

    bb. *ConsumerInfo.com, Inc. v. One Technologies LP et al.*, Case No. CV 09-3783 (C.D. Cal.) (complex copyright/trademark/antitrust dispute)

    cc. *Sleep Innovations, Inc. v. Sinomax USA, Inc., et al.*, Case No. CV06-5712 (AHM)(AJWx) (C.D. Cal.) (complex trade secrets case, ultimately successfully settled);

    dd. *HiRel Connectors, Inc. v. Department of Defense, et al.*, Case No. C01-11069 DT(BQRx) (C.D. Cal.), (complex trade secrets);

    ee. *Triangle Restaurants, Inc., et al. v. ERP Operating Limited Partnership*, Case No. EC050081 (Los Angeles Superior) (complex real estate litigation);

9. Currently, my firm represents plaintiffs in approximately a dozen pending class

- 7 -

action or representative lawsuits, consisting of various employee, consumer, and civil rights litigation, including numerous consumer class actions arising from data breaches similar to the instant case involving allegations of failure to properly safeguard sensitive personal identification information.

10. My firm also currently represents both plaintiffs and defendants in numerous non-class action cases, including numerous employment, consumer, and contract disputes.

11. My firm is competent and ready to move forward with this litigation and proposed settlement. We have no conflicts of interest with the class, nor any other conflicts of interest that would adversely affect our representation, and we are willing and able to adequately represent the class.

12. My firm undertook representation in this case on a contingency basis, and seeks fees based on either a lodestar figure and/or a percentage of the recovery obtained. By either of these measures, the amounts sought by my firm would be considered reasonable. In connection with Plaintiffs' motion for final approval of the settlement agreement and Plaintiffs' motion for an award of attorneys' fees, both to be filed at a later date, my firm will submit detailed time records of all time tracked on this matter together with all disbursements. In connection with the instant motion, pursuant to the Northern District of California's Procedural Guidance for Class Action Settlement, No. 6, I ran a report of all billable time tracked on this matter to date with all disbursements, and report that information in this declaration.

13. My firm's time records show that my partner and I have collectively billed approximately 557.2 hours to this matter. Our work during the time period of the report has included, but is not limited to, conducting many dozens of interviews with class members affected by the UKG cybersecurity incident across many different employers, preparation of the first-filed class action complaint, extensive meet-and-confer discussions with counsel in overlapping and related litigation in California, Florida, and Massachusetts; coordination of all California cases into a consolidated action; preparation of the consolidated class action complaint; conducting of the Rule 26(f) conference and preparation of the related report; preparation of numerous sets of formal and informal discovery; review of all data and documents produced by

1  defendant; preparation an opposition to a motion by counsel in the later-filed Massachusetts cases
2  for transfer and coordination before the Judicial Panel on Multidistrict Litigation; travel to and
3  attendance of the hearing on that motion; review of Defendant's motion to dismiss and
4  preparation of a draft opposition to the motion; conducting mediation, including coordination of
5  the mediation amongst all counsel, preparation of a mediation brief, extensive meet-and-confer
6  discussions with opposing regarding the settlement, extensive post-mediation follow up with the
7  mediator; preparation of the settlement agreement and related papers; preparation of the motion
8  for preliminary approval and related papers; attending status conferences and hearings before this
9  court; and extensive meet-and-confer discussions throughout the duration of this case with
10 defense counsel, other plaintiffs' counsel in this consolidated action, and other plaintiffs' counsel
11 in overlapping litigation in Florida and Massachusetts.  This list is not exhaustive, but the report
12 of time records to be attached to Plaintiffs' later-filed motion for final approval and attorneys'
13 fees will detail all work performed by my firm.

14.   In addition, my firm has incurred approximately $5,200 in costs associated with this case, which relate to filing fees, service costs, travel expenses related to attending a hearing before the Judicial Panel on Multidistrict Litigation, and marketing costs specific to class members in the instant action.  The disbursement report to be attached to Plaintiffs' later-filed motion for final approval and attorneys' fees will detail all costs incurred by my firm.

15.   Both Mr. Wucetich and myself currently bill at the hourly rate of $925 per hour. That rate is commensurate with the market rate for similarly experienced attorneys performing similar work in the Los Angeles area and other metropolitan areas.  Accordingly, our base lodestar figure equates to $515,410 (557.2 hours x $925.00 = $515,410).  However, in an effort to address any concerns regarding all timekeepers being partners, for purposes of the later fees motion my firm may only seek a blended rate for both Mr. Wucetich and myself of $750 per hour.  We have both been repeatedly approved at that blended rate in other class action cases in both the Los Angeles and San Francisco areas, as well as elsewhere.  *See*, *e.g.*, *Muller et al. v. PepsiCo, Inc. et al.*, San Francisco Superior Court Case No. CGC-22-597909 and *Stevens v. PepsiCo, Inc. et al.*, Case No. 22-cv-00802 (S.D.N.Y.) (4/4/23 Final Approval Order and

1  Judgment Granting Fees to Wucetich & Korovilas LLP based on $750 blended rate); *In re*
2  *Neutron Wage & Hour Cases*, Case No. CJC-19-005044 (San Francisco Superior Court) (7/13/21
3  Order Granting Settlement Approval and Awarding Attorneys' Fees); *Habelito v. Guthy-Renter*
4  *LLC*, Case No. BCC499558 (Los Angeles Superior Court) (5/15/2017 Order Granting Final
5  Approval) (approving award of fees to Wucetich & Korovilas LLP based on $700 hourly rate); *In*
6  *re DirecTV Wage & Hour Cases*, JCCP 4850, Lead Case No. 1-14-CV-274709 (Santa Clara
7  Superior Court) (7/19/19 Final Order and Judgement Granting Fees to Wucetich & Korovilas
8  LLP based on $700 hourly rate). At this lower blended rate the base lodestar figure for my firm
9  would equate to $417,900 (557.2 hours x $750 = $417,900).

10        16.    In preparing time record reports in connection with motions for final approval and
11  attorneys' fees, I exercise my judgment to often reduce the amount of time initially logged, based
12  on my reasonable judgment of how long a particular task should have taken. At this stage of the
13  litigation, I have not yet done so. But in connection with Plaintiffs' later motions for final
14  approval and attorneys' fees, I intend to do so and, accordingly, these base lodestar figures may
15  be somewhat reduced. Typically, I would estimate that I reduce total amounts of time initially
16  logged by approximately 5-10%. In addition, the time records report to be filed in connection
17  with Plaintiffs' later motions will reflect additional time yet to be incurred, in connection with
18  Plaintiffs' motion for final approval, motions for attorneys' fees, attendance at hearing on the
19  motion, responding to any objectors, any additional briefing the Court may request, and
20  potentially handling any appeals. Accordingly, the projected lodestar amounts reflected in this
21  declaration are subject to change.

22        17.    The settlement agreement also provides that Plaintiffs may request approval by the
23  Court of service awards in the amount of up to $7,500 each for their time and effort in
24  spearheading and prosecuting this case and obtaining monetary relief for the class. Each plaintiff,
25  including Mr. Muller and Mr. Knezevich, spent a substantial amount of time and effort in
26  prosecuting this case, including researching and retaining counsel, extensive meetings with
27  counsel to substantiate the factual bases of the claims, producing relevant documents and
28  information, participating in regular communication with counsel throughout the duration of the

case regarding the case status and strategy going forward, and providing the facts and evidence to prove the allegations in the complaint. Plaintiffs all demonstrated a strong commitment to this case. Plaintiffs Muller and Knezevich, were, in particular, instrumental in gathering other class members to report their experiences, volunteer to be interviewed by counsel, and provide additional factual support for the case. Plaintiffs were available to counsel as needed. The information and aid that they provided to counsel was invaluable and ensured the successful resolution of this case. Furthermore, Plaintiffs have taken a substantial risk by electing to have their names as part of the public record in this lawsuit. Any time they attempt to seek new employment or are under investigation by a prospective employer, any search for lawsuits brought by them will be disclosed and they will have to deal with the possible stigma of bringing a class action lawsuit. In connection with Plaintiffs' later motions for final approval of the settlement, the named plaintiffs shall each submit declarations attesting to their efforts. As such, the incentive award they seek is fully deserved and well justified.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

    Execute this 28th day of April, 2023, at Los Angeles, California.

    /s/ Dimitrios V. Korovilas
    DIMITRIOS V. KOROVILAS