**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions. | Case No.: 3:22-cv-00346-SI<br><br>**DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**Date: June 2, 2023**<br>**Time: 10:00 a.m.**<br>**Dept.: Courtroom 1, 17th Floor, Via Zoom**<br>**Judge: Honorable Susan Illston** |

**DECLARATION OF JONATHAN M. LEBE**

I, Jonathan M. Lebe, declare as follows:

1. I am an attorney duly licensed to practice law before all courts in the State of California. I am the Managing Attorney of Lebe Law, A Professional Law Corporation and I represent Cindy Villanueva ("Plaintiff") in this action. I have personal knowledge of the facts set forth herein and, if called and sworn in as a witness, could and would testify competently thereto.

2. I submit this supplemental declaration in support of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement.

**Experience of Class Counsel**

3. I received Bachelor of Arts degrees in Political Science and International Studies from Northwestern University in 2008. I received my Juris Doctorate from Santa Clara University School of Law in 2012. During law school, I was a legal extern to the Honorable Nandor J. Vadas of the U.S. District Court, Northern District of California. I also had legal internships during law school with the Civil Division of the U.S. Attorney's Office and the Complex Litigation Division of the San Francisco City Attorney's Office.

4. I was admitted to the California State Bar in the Fall of 2012. I am admitted to practice in all state courts in California and in all United States District Courts in California.

5. Upon admission to the State Bar, I became a Deputy County Counsel in the Litigation Section of the Santa Clara County Counsel's office. The Santa Clara County Counsel's office is one of the largest and most sophisticated offices of government lawyers in the county. The County Counsel's office engages in significant impact litigation and, of course, is responsible for the legal representation of the County. In my capacity as Deputy County Counsel, I litigated cases ranging from employment disputes to constitutional challenges to County jail policies.

6. Before starting my own firm, I also worked as an associate attorney with Lawyers for Justice, P.C., a class action law firm in California. In that capacity, I was responsible for the day-to-day management of numerous wage and hour class actions at a given time.

7. I started my own law firm in early 2016. In 2018, 2019, 2020 and 2021, I was selected as a Super Lawyer Rising Star based on nominations from my peers, a distinction only

received by 2.5% of attorneys. The vast majority of my practice consists of litigating wage and hour class actions filed in California. Some of our firm's representative matters include:

a. *Midwest Motor Supply Co. v. Superior Court* (2020) 56 Cal.App.5th 702: In its published opinion, the Court of Appeal affirmed the trial court's denial of Defendants' motion to dismiss or stay action for forum non conveniens because Defendants' purported forum selection clause was unenforceable under Labor Code section 925.

b. *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659: In its published opinion, Court of Appeal affirmed a trial court's denial of Defendants' motion to compel arbitration (disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175).

c. *Ortega v. Carson Wild Wings, LLC* (Los Angeles Superior Court, Case No. BC677388): In this matter, our firm obtained a unanimous jury verdict holding our client's former employer responsible for wrongful termination and retaliation. In its verdict, the jury awarded our client $300,000 in lost earnings, emotional distress damages, punitive damages and penalties. The Court also awarded $291,948 in attorneys' fees. This matter is currently on appeal.

8. I have been appointed certified Class Counsel in the following proceedings in connection with approvals of wage and hour class action and Private Attorney General Act settlements: *Amie Pfiefer v. Zesty Inc.*, San Francisco Superior Court, CGC-19-574570; *Anthony Dirico, et al. v. Seek Capital, LLC*, Los Angeles Superior Court Case No. BC698076; *Brandon Centino v. Arrowhead Products, Orange County Superior Court*, Case No. 30-2018-00988493; *Donna Burris v. Resort Vacations, Inc.*, Orange County Superior Court, Case No. 2018-00997260; *Elizabeth Merritt v. Houzz Inc.*, Santa Clara Superior Court, Case No. 19CV341181**;** *Janet Manteon v. M.A.C. Cosmetics, Inc.*, Los Angeles County Superior Court, Case No. BC702940; *Jamal Holcomb v. Weiser Security Services, Inc.,* Los Angeles Superior Court, Case No. 19STCV03843; *Jerome Hughes, et al. v. Surveillance Security, Inc.*, Judicial Coordination Proceeding Case No. 4969; *Jihwan Kim v. Demandforce, Inc.*, San Francisco Superior Court, Case No. CGC-18-570997; *Jordan Olson v. Medtronic, Inc., et al.,* San Francisco Superior Court, Case No. CGC-19-576875;

1  *Joseph Jun Caballero v. MLTD, Inc.*, Los Angeles Superior Court Case No. BC659936; *Kendall
2  Klette v. Balboa Capital Corporation*, Orange County Superior Court, Case No. 30-2018-
3  00970552; *Kevin Klein v. Loomis Armored, US LLC*, San Bernardino Superior Court Case No.
4  CIVDS1704547; *Leslie Walling v. National Funding Inc.*, San Diego Superior Court, Case No.
5  201800061889; *Lorena Sanchez v. Valley Presbyterian Hospital*, Los Angeles Superior Court Case
6  No. BC678638; *Lucas Cardena v. Strata Capital Corporation*, Orange County Superior Court,
7  Case No. 30-2018-01041233-CU-OE-CXC; *Michael Schmitz, et al. v. HealthIQ Re Inc.*, Santa
8  Clara Superior Court, Case No. 18CV337951; *Patricia Martinez v. Whaler LLC*, Los Angeles
9  Superior Court Case No. BC621047; *Rhett Hubbard v. Caliber Home Loans, Inc.*, Orange County
10 Superior Court, 30-2018-01017838; *Shameka Watson v. Aegis Security & Investigations Inc.*, Los
11 Angeles Superior Court Case No. BC695411; *Shayna Amster v. Starbucks Corporation*, San
12 Bernardino Superior Court, Case No. CIVDS1922016; *Suzana Mederos v. Consolidated Disposal
13 Service, L.L.C.*, Los Angeles Superior Court, Case No. BC677379; *Tyler Jones, et al. v. Citiguard,
14 Inc.*, Los Angeles County Superior Court Case Number BC664890; *Don Vasquez v. Milk
15 Specialties Company*, Tulare County Superior Court Case Number VCU282778; *Tanya Savidis v.
16 Lumber Liquidators, Inc.*, Case No. RG20057480, Alameda County Superior Court; *Beniyam
17 Kebede v. Wrike, Inc.*, Case No. 20CV366599, Santa Clara Superior Court; *Jason Mitchiner v. Move
18 Sales, Inc.*, Case No. 20STCV23141, Los Angeles Superior Court; *Daisy Page v. Insource
19 Performance Solutions et al.*, Case No. RG21096367, Alameda Superior Court.

20  9.  I consider myself experienced and qualified to evaluate the class claims and viability
21 of the defenses. Based on the history of the above-captioned case, and given my experience and
22 analysis, it is my view that the settlement is fair, reasonable, and adequate, and in the best interest
23 of the class members. Had the litigation not reached the proposed settlement set forth in the
24 Settlement Agreement, I would have continued to prosecute the class's claims through certification,
25 trial and beyond.

26  10. Zachary Gershman is an associate attorney of Lebe Law, APLC in good standing of
27 the State Bar of California and admitted to practice in all state courts in California, and in the
28 Central, Eastern, and Northern United States District Courts in California.

11. Mr. Gershman began working for Lebe Law, APLC in August of 2019 as a law clerk after graduating from the USC Gould School of Law in May of 2019, where he was an Executive Senior Editor of the Southern California Law Review. He received his Bachelor of Arts degree in Political Science from the University of Connecticut in 2015. He was admitted to the California State Bar on December 2, 2019.

12. Brielle D. Edborg is an associate attorney of Lebe Law, APLC in good standing of the State Bar of California and admitted to practice in California.

13. Ms. Edborg began working for Lebe Law, APLC in September of 2022 as an associate attorney after graduating from Pepperdine Carudo School of Law in May of 2022. She received her Bachelor of Arts degree in English from SUNY Old Westbury in 2019. She was admitted to the California State Bar on December 8, 2022.

14. Nicolas Tomas was an associate attorney of Lebe Law, APLC during the prosecution of this matter, and to the best of my knowledge is in good standing of the State Bar of California and admitted to practice in California.

15. Mr. Tomas worked for Lebe Law, APLC from November of 2021 through August of 2022 as an associate attorney after graduating from Loyola Law School in May of 2021. To the best of my knowledge, he received his Bachelor of Science degree in Nutrition from California Polytechnic University, Pomona in 2016. He was admitted to the California State Bar on November 19, 2021.

**Service Award**

16. At the time of final approval of class action settlement, I intend to file a declaration of Plaintiff Cindy Villanueva that reflects her ability to act as a competent class representative in this matter on behalf of the other members of the Class.

17. Moreover, this declaration will describe the activities she has performed as a plaintiff in this, and the previously-filed action against Defendant which bears her name, including having an initial consultation with me and my firm and subsequent conversations regarding the potential claims, time spent in locating documents received from Defendants, time spent reviewing

documents with me and my firm, and reviewing documents provided by me and my firm to her as part of this settlement.

18. I believe that given the reputational risk for my client, and work performed, that her requested service award of $7,500 is proper, as will be further supported by her separate declaration.

### Attorneys' Fees and Costs at Preliminary Approval

19. As of preliminary approval, I have worked approximately 151.7 hours on this case. At my billable rate of $800 per hour my lodestar attorney's fees, before any multiplier, amount to $121,360. Moreover, my firm has incurred $7,291.62 in costs in this matter as of this time. My rate with annual increases has been approved by other California courts, including those listed in paragraph 8. Attached as "**Exhibit A**" is a breakdown of my firm's current costs in this matter.

20. As of preliminary approval, Mr. Gershman has expended a total of 112.3 hours in the prosecution of this matter. None of his time duplicated the time expended by others. Mr. Gershman's rate with annual increases has also been approved by other California courts, including in those listed in paragraph 8. At his requested rate of $475, his fees calculate out to $53,342.50.

21. As of preliminary approval, Mr. Tomas has expended a total of 52.9 hours in the prosecution of this matter. None of his time duplicated the time expended by others. At his requested rate of $350, his fees calculate out to $18,515.

22. As of preliminary approval, Brielle Edborg has expended a total of 5.5 hours in the prosecution of this matter. None of her time duplicated the time expended by others. At her requested rate of $300, her fees calculate out to $1,650.

23. As of preliminary approval, the combined lodestar for Lebe Law APLC in this matter is $194,867.50.

24. I have been practicing law for over ten years, and I have significant experience, skill, and expertise in class action matters. My firm, Lebe Law, APLC, sets the billing rates of its attorneys to be consistent with the prevailing market rates in the private sector for attorneys and staff of comparable skill, qualifications and experience by monitoring the prevailing market rates charged by both defense and plaintiff law firms. According to the 2023 Laffey Matrix, relevant portions of which are attached hereto as **"Exhibit B"**, my requested hourly rate of $800 is reasonable for an

1  attorney that is eleven years out of law school.  In fact, my requested hourly rate is $29 per hour
2  less than the suggested rate for an attorney in his eleventh year of practice.  Furthermore, according
3  to the Laffey Matrix, Mr. Gershman's requested hourly rate of $475 is reasonable, as it is $33 less
4  per hour than the median hourly rate for an associate between their fourth and seventh year of
5  practice.  While, finally, both Ms. Edborg's and Mr. Tomas's hourly rate of $300 and $350 per hour
6  respectively is also reasonable as these rates are $103 less, and $53 less, than the proposed rate for
7  an associate between their first and third years of practice and is in line with rates typically approved
8  in wage-and-hour class action litigation in California.

9  25.  Class Counsel has undertaken representation at their own expense, with
10 compensation wholly contingent upon providing a benefit to the Class and I believe that the Class
11 Members will benefit significantly by the terms of the proposed Settlement by receiving substantial
12 monetary compensation.

13 I declare under penalty of perjury under the laws of United States of America that the
14 foregoing is true and correct.  Executed on April 28, 2023, in the City of Los Angeles in the State
15 of California.

*/s/ Jonathan M. Lebe*
JONATHAN M. LEBE

# EXHIBIT A

# Activities Export

04/24/2023
12:29 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 02/17/2022 | $ | Mailed engagement letter and documents to client, Cindy Villanueva.<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Nicolas Tomas | 1.00 | $10.51 | - | $10.51 |
| 03/21/2022 | $ | Initial filing fee.<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Zachary Gershman | 1.00 | $402.00 | - | $402.00 |
| 03/22/2022 | $ | CCPA Notice to UKG, Inc.<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Diana Lopez | 1.00 | $7.79 | - | $7.79 |
| 03/25/2022 | $ | On-Call Legal 3/25/22 Invoice: 258297<br><br>Personal Service to UKG, Inc.<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Diana Lopez | 1.00 | $92.99 | - | $92.99 |
| 09/08/2022 | $ | First mediation fee<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Diana Lopez | 1.00 | $2,500.00 | - | $2,500.00 |
| 12/15/2022 | $ | Second mediation fee<br>● Unbilled | 00325-Villanueva Villanueva v. UKG, Inc. | Diana Lopez | 1.00 | $4,278.33 | - | $4,278.33 |
| | | | | | | | **$0.00**<br>0.00h | **$7,291.62**<br>0.00h |

# EXHIBIT B

# LAFFEY MATRIX

|  |  |  | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/22- 5/31/23 | 1.085091 | $225 | $413 | $508 | $733 | $829 | $997 |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

History

Case Law

See the Matrix

Contact us

Home

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.