**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions. | Case No.: 3:22-cv-00346-SI<br><br>**SUPPLEMENTAL DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: June 2, 2023**<br>**Time: 10:00 a.m.**<br>**Dept.: Courtroom 1, 17th Floor, Via Zoom**<br>**Judge: Honorable Susan Illston** |

-1-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
SUPPLEMENTAL DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL

I, Kas L. Gallucci, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am counsel of record for Plaintiff Adam Bente. I, along with my colleague Alexis M. Wood, and my co-counsel at Wucetich & Korovilas LLP, Alexander Morrison + Fehr LLP, and Lebe Law APLC, represent Plaintiffs William Muller, Antonio Knezevich, Adam Bente, and Cindy Villanueva (collectively "Plaintiffs"). I am an attorney at law licensed to practice in the State of California, and I am a member of the bar in this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed herewith.

3. Following the filing of the Parties' motion for preliminary approval, the Parties conferred about providing UKG's customers with an option to have Kroll transmit via email Notice of the Settlement as contemplated by Paragraph 63(e) of the Settlement Agreement to UKG's customers' employees, in lieu of UKG's customers of the KPC product undertaking such duties.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' agreed proposed email notice ("Email Notice") which would be transmitted directly to employees of UKG's customers as the election of UKG's customers.

5. In order to transmit this proposed Email Notice, the Parties and Kroll have agreed to the following timeline.

   a. The date of Order on the Motion for Preliminary Approval will be the Trigger Date;

   b. Pursuant to Paragraph 36 of the Settlement Agreement, 30 days after the date of the Order on Motion for Preliminary Approval, UKG will send notice to its customers of the Settlement *which will include the option to allow Kroll to send Email Notice to the impacted individuals* (*See* Settlement Agreement ¶ 63(e));

   c. Pursuant to Paragraph 36 of the Settlement Agreement, 30 days after the date of the Order on Motion for Preliminary Approval, Direct Notice will be transmitted to the Exfiltration Class. (*See* Settlement Agreement ¶ 63(f));

   d. The deadline for UKG's customers to elect to use the Email Notice and notify

-2-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
SUPPLEMENTAL DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

    Kroll of this election will be 14 days after UKG sends notice to its customers of the Settlement;

  e. The deadline for UKG's customers who elect to have Kroll transmit the Email Notice to provide Kroll with employee contact information (name and email address) via upload to a secure site will be 7 days after the deadline to make the election;

  f. No later than 35 days after the Notice Date (said differently, 14 days after Kroll receives the employee contact information), Kroll will transmit the Email Notice to the impacted individuals.

  6. The timeline was created to (1) allow UKG's customers sufficient time to evaluate whether to elect to have Kroll transmit the Email Notice to its employees, (2) allow UKG's customers and Kroll execute any required confidentiality agreements, (3) for Kroll to obtain any data UKG's customers voluntarily provide, and (4) for Kroll to normalize any data provided and thereafter transmit the Email Notice.

  7. Proposed Class Counsel is presently unaware of the number of UKG's customers who will elect to have Kroll transmit the Email Notice, and thus cannot determine the associated costs. Kroll has provided cost estimates to counsel and understands Kroll will aim to not exceed the cap previously agreed to by the Parties. Should a high volume of UKG's customers elect to have Kroll transmit the proposed Email Notice, counsel for the Parties are aware of the additional costs that could exceed the cap. I understand Kroll will advise the Parties of the final costs once Kroll is aware of the number of UKG's customers that elect to have Kroll transmit Email Notice and after Kroll determines the number of emails Kroll will be transmitting.

### *Cy Pres*

  8. The Settlement has no revisionary provision. The Settlement provides that the residual funds after distribution shall be paid to the *Cy Pres* Recipient. Settlement ¶ 57. The proposed *Cy Pres* is the Privacy Rights Clearinghouse, a 501(c)(3) nonprofit organization. Settlement ¶ 26. The Privacy Rights Clearinghouse ("PRC") bears a substantial nexus to the interests of the Settlement Class Members because PRC is the only organization that exclusively

-3-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
SUPPLEMENTAL DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

| | |
|---|---|
| 1 | focuses on data privacy rights and issues.  PRC provide access to understandable information about |
| 2 | existing rights and choices by publishing clear and up to date overviews of complex data privacy |
| 3 | law and creates resources that provide context for the rights and choices that lie at the intersection |
| 4 | of data privacy.  PRC also undertakes at the policy level advocacy on behalf of consumers' privacy |
| 5 | and data rights at both State and Federal levels.  *See* *https://privacyrights.org/*.  Last, the Parties do |
| 6 | not derive any benefit from the PRC and neither Plaintiffs nor proposed Class Counsel have any |
| 7 | relationship with PRC. |
| 8 | I declare under penalty of perjury that the above and foregoing is true and accurate. |
| 9 | Executed this 1st day of June, 2023, at San Diego CA. |

*/s/ Kas L. Gallucci*

Kas L. Gallucci

-4-

*In re UKG Cybersecurity Litigation*, No. 3:22-cv-00346-SI
SUPPLEMENTAL DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL