# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions. | Case No.: 3:22-cv-00346-SI<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CONDITIONALLY CERTIFYING SETTLEMENT CLASS; APPOINTING CLASS REPRESENTATIVES; APPOINTING CLASS COUNSEL; AND APPROVING NOTICE PLAN**<br><br>**Judge: Hon. Susan Illston** |

On June 2, 2023 at 10:00 a.m., Plaintiffs William Muller, Antonio Knezevich, Adam Bente, and Cindy Villanueva ("Plaintiffs") Motion for Preliminary Approval of Class Action Settlement (the "Motion") came on hearing before the Court. The Court has considered Plaintiffs' Motion, the Class Action Settlement Agreement and Release between the Plaintiffs and Defendant UKG, Inc. ("Defendant" or "UKG") (collectively the "Parties") (the "Settlement" or "Settlement Agreement"), the proposed Class Notice, all declarations and other evidence submitted in support of the Motion, and any argument submitted at the hearing on the Motion, and hereby finds and orders as follows:

1. Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

2. The proposed settlement set forth in the Settlement Agreement (the "Settlement") is hereby preliminarily approved as being fair, reasonable, and adequate such that notice of the settlement should be given to members of the Class.

3. The Court preliminarily finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering, in their totality, and to the extent such information is available at this time, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig*., 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court further finds that: (i) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Ben Picker, Esq. of Stradley Ronon Stevens & Young LLP; and (ii) the Settlement warrants Notice of its material terms to the Class Members for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

4. The Court conditionally certifies, for settlement purposes only, the following Classes[1]:

**Nationwide Class**: All natural U.S. persons who are current or former employees or contractors, including their dependents, of UKG customers, whose data was stored in the KPC at the time of the December 2021 KPC Cyberattack and who were impacted by the interruption of KPC applications resulting from the December 2021 KPC Cyberattack.

**California Subclass**: Consisting of all members of the Settlement Class who are also California residents at the time of the December 2021 KPC Cyberattack; and

**Exfiltration Subclass**: Consisting of all members of the Nationwide Class who were sent notice that their personal data was exfiltrated during the December 2021 KPC Cyberattack and were offered credit monitoring services for themselves or on behalf of their dependents.

6. The Court finds that, for settlement purposes only, the requirements of 29 U.S.C. § 216, Fed. R. Civ. Proc. 23(a), and Fed. R. Civ. Proc. 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

7. The Court appoints Plaintiffs William Muller, Antonio Knezevich, Adam Bente and Cindy Villanueva as the Class Representative for settlement purposes.

8. The Court appoints Michael S. Morrison and Erin Lim of Alexander Morrison & Fehr LLP; Dimitrios Korovilas and Jason Wucetich of Wucetich Korovilas LLP; Ronald A. Marron, Alexis M. Wood, and Kas L. Gallucci of Law Offices of Ronald A. Marron; and Jonathan M. Lebe and Zachary T. Gershman of Lebe Law, APLC as Class Counsel for settlement purposes.

9. The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator.

---

[1] Excluded from the Classes are UKG's officers, directors, and employees; any entity in which UKG has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of UKG. Excluded also from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. Also excluded from the Settlement Class are non-natural persons.

10. The Court finds that the procedures for notifying the Class about the settlement as described in the Settlement Agreement and attached Class Notice, as well as the efforts described by Kroll, provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs Kroll to proceed with them. The Parties may, by agreement, revise the notice in ways that are not material or that are otherwise appropriate.

11. Each Settlement Class Member will have seventy-five (75) days after the Notice Date as described in the Settlement Agreement to opt out, submit a dispute, or object to the Settlement, as described in the Settlement Agreement and the Class Notice.

12. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Classes, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

13. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

14. The Court, pending final determination of whether the Settlement should be approved, stays all proceedings except those related to effectuating the Settlement.

15. The Court will conduct a Final Approval Hearing on __November 17__, 2023, at __10:00__ a.m. /p.m., or as soon thereafter as the matter may be heard, to confirm the overall fairness of the settlement and to fix the amount of reasonable attorneys' fees and costs to Class Counsel and enhancement payments to the Class Representatives. The Final Approval Hearing may be continued without further notice to members of the Settlement Class. An implementation schedule is below:

| Event | Date |
|---|---|
| Kroll to mail Class Notice to the exfiltration class and post information on Settlement Website [30 days from Preliminary Approval] | July 3, 2023 |

| | |
|---|---|
| Plaintiffs to File Motion for Attorneys' Fees, Cost, and Incentive Payment [40 days after notice] | August 14, 2023 |
| Deadline for Class Members to Request Exclusion, Object in Writing, or Submit Dispute [75 days after notice] | September 18, 2023 |
| Deadline for Class Members to File a Claim [90 days after notice] | October 3, 2023 |
| Plaintiffs to File Motion for Final Approval of Class Action Settlement [2 weeks after Claims Deadline] | October 17, 2023 |
| Final Approval Hearing [2 weeks after filing of motion for Final Approval] | November 17, 2023 at 10:00 a.m. |

**IT IS SO ORDERED.**

DATED: June 2, 2023

_____
The Honorable Susan Illston
United States District Judge