Jonathan M. Lebe, State Bar No. 284605
Jon@lebelaw.com
Zachary Gershman, State Bar No. 328004
Zachary@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UKG INC CYBERSECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions. | Case No.: 3:22-cv-00346-SI<br><br>**DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Date: November 17, 2023**<br>**Time: 10:00 a.m.**<br>**Dept.: Courtroom 1, 17th Floor**<br>**Judge: Honorable Susan Illston** |

-1-

*In re UKG Cybersecurity Litigation*, No. 3:22-cv-00346-SI
DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF FINAL APPROVAL MOTION

1

## DECLARATION OF JONATHAN M. LEBE

2   I, Jonathan M. Lebe, declare as follows:

3   1.    I am an attorney duly licensed to practice law before all courts in the State of
4 California.  I am the Managing Attorney of Lebe Law, A Professional Law Corporation and I
5 represent Cindy Villanueva ("Plaintiff") in this action.  I have personal knowledge of the facts set
6 forth herein and, if called and sworn in as a witness, could and would testify competently thereto.

7   2.    I submit this supplemental declaration in support of Plaintiffs' Motion for Final
8 Approval of Class Action Settlement.

9   3.    The deadline to make a claim passed on October 3, 2023.  Kroll is currently
10 performing its review of all submitted claims to determine their validity and approve the claim or
11 allow for a claimant to cure any deficiencies.  As of October 17, 2023, Kroll has determined there
12 are 21,047 valid and timely claims valuing approximately $1,857,600.

13   4.    Per the Settlement Agreement, UKG has confirmed that it posted to its own website
14 information about the Settlement to direct Class Members to the Settlement Website
15 (https://www.ukg.com/kronos-private-cloud-kpc-settlement); and sent an email communication to
16 all of its clients impacted by the KPC outage advising them of the Settlement so they could at their
17 election notify their employees on July 3, 2023 of the Settlement.

18   5.    Following settlement, Defendant produced substantial confirmational discovery,
19 which allowed Plaintiffs and their Counsel to further verify their representations on which the
20 settlement in this action was based. Discovery revealed that of UKG's approximate 2,000
21 customers, two entities suffered exfiltration of personal data, which aligns with the data breach
22 letters transmitted on UKG's behalf to the two effected employers/employees.

23   6.    Class Counsel and Kroll will submit supplemental declarations regarding the claims
24 validation process and value of the claims no later than November 14, 2023.

25   7.    Given that the Exfiltration Class includes less than 20,000 people, proposed Class
26 Counsel believes that all claims should be sufficiently funded.

27 ///

28 ///

**Experience of Class Counsel**

8.     I received Bachelor of Arts degrees in Political Science and International Studies from Northwestern University in 2008. I received my Juris Doctorate from Santa Clara University School of Law in 2012. During law school, I was a legal extern to the Honorable Nandor J. Vadas of the U.S. District Court, Northern District of California. I also had legal internships during law school with the Civil Division of the U.S. Attorney's Office and the Complex Litigation Division of the San Francisco City Attorney's Office.

9.     I was admitted to the California State Bar in the Fall of 2012. I am admitted to practice in all state courts in California and in all United States District Courts in California.

10.     Upon admission to the State Bar, I became a Deputy County Counsel in the Litigation Section of the Santa Clara County Counsel's office. The Santa Clara County Counsel's office is one of the largest and most sophisticated offices of government lawyers in the county. The County Counsel's office engages in significant impact litigation and, of course, is responsible for the legal representation of the County. In my capacity as Deputy County Counsel, I litigated cases ranging from employment disputes to constitutional challenges to County jail policies.

11.     Before starting my own firm, I also worked as an associate attorney with Lawyers for Justice, P.C., a class action law firm in California. In that capacity, I was responsible for the day-to-day management of numerous wage and hour class actions at a given time.

12.     I started my own law firm in early 2016. In 2018, 2019, 2020, 2021, and 2022 I was selected as a Super Lawyer Rising Star based on nominations from my peers, a distinction only received by 2.5% of attorneys. The vast majority of my practice consists of litigating wage and hour class actions filed in California. Some of our firm's representative matters include:

a. *Midwest Motor Supply Co. v. Superior Court* (2020) 56 Cal.App.5th 702: In its published opinion, the Court of Appeal affirmed the trial court's denial of Defendants' motion to dismiss or stay action for forum non conveniens because Defendants' purported forum selection clause was unenforceable under Labor Code section 925.

b. *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659: In its published opinion, Court of Appeal affirmed a trial court's denial of Defendants' motion

-3-

1    to compel arbitration (disapproved on another ground in *ZB, N.A. v. Superior Court*

2    (2019) 8 Cal.5th 175).

3        13.    I have been appointed certified Class Counsel in the following proceedings in

4    connection with approvals of class action and Private Attorney General Act settlements: *Amie*

5    *Pfiefer v. Zesty Inc.*, San Francisco Superior Court, CGC-19-574570; *Anthony Dirico, et al. v. Seek*

6    *Capital, LLC*, Los Angeles Superior Court Case No. BC698076; *Brandon Centino v. Arrowhead*

7    *Products, Orange County Superior Court*, Case No. 30-2018-00988493; *Donna Burris v. Resort*

8    *Vacations, Inc.*, Orange County Superior Court, Case No. 2018-00997260; *Elizabeth Merritt v.*

9    *Houzz Inc.*, Santa Clara Superior Court, Case No. 19CV341181**;** *Janet Manteon v. M.A.C.*

10   *Cosmetics, Inc.*, Los Angeles County Superior Court, Case No. BC702940; *Jamal Holcomb v.*

11   *Weiser Security Services, Inc.,* Los Angeles Superior Court, Case No. 19STCV03843; *Jerome*

12   *Hughes, et al. v. Surveillance Security, Inc.*, Judicial Coordination Proceeding Case No. 4969;

13   *Jihwan Kim v. Demandforce, Inc.*, San Francisco Superior Court, Case No. CGC-18-570997;

14   *Jordan Olson v. Medtronic, Inc., et al.,* San Francisco Superior Court, Case No. CGC-19-576875;

15   *Joseph Jun Caballero v. MLTD, Inc.*, Los Angeles Superior Court Case No. BC659936; *Kendall*

16   *Klette v. Balboa Capital Corporation*, Orange County Superior Court, Case No. 30-2018-

17   00970552; *Kevin Klein v. Loomis Armored, US LLC*, San Bernardino Superior Court Case No.

18   CIVDS1704547; *Leslie Walling v. National Funding Inc.*, San Diego Superior Court, Case No.

19   201800061889; *Lorena Sanchez v. Valley Presbyterian Hospital*, Los Angeles Superior Court Case

20   No. BC678638; *Lucas Cardena v. Strata Capital Corporation*, Orange County Superior Court,

21   Case No. 30-2018-01041233-CU-OE-CXC; *Michael Schmitz, et al. v. HealthIQ Re Inc.*, Santa

22   Clara Superior Court, Case No. 18CV337951; *Patricia Martinez v. Whaler LLC*, Los Angeles

23   Superior Court Case No. BC621047; *Rhett Hubbard v. Caliber Home Loans, Inc.*, Orange County

24   Superior Court, 30-2018-01017838; *Shameka Watson v. Aegis Security & Investigations Inc.*, Los

25   Angeles Superior Court Case No. BC695411; *Shayna Amster v. Starbucks Corporation*, San

26   Bernardino Superior Court, Case No. CIVDS1922016; *Suzana Mederos v. Consolidated Disposal*

27   *Service, L.L.C.*, Los Angeles Superior Court, Case No. BC677379; *Tyler Jones, et al. v. Citiguard,*

28   *Inc.*, Los Angeles County Superior Court Case No. BC664890; *Lamir McQueen v. City of Santa*

1  *Monica*, Los Angeles County Superior Court Case No. BC627227; *David Kassis v. Paychex North*

2  *America Inc.*, Sacramento County Superior Court Case No. 2019-00270896-CV; *George Van Heel*

3  *v. GCA Educational Services, Inc.*, Los Angeles County Superior Court Case No. 19STCV44969;

4  *Don Vasquez v. Milk Specialties Company*, Tulare County Superior Court Case No. VCU282778;

5  *Chafen Suttle v. Children's Hospital Los Angeles*, Los Angeles County Superior Court Case No.

6  19STCV46960; *Tanya Savidis v. Lumber Liquidators Inc.*, Alameda County Superior Court Case

7  No. RG20057480; *Patrick Finch v. Midwest Motor Supply Co.*, Contra Costa Superior Court Case

8  No. CIVMSC19-02038; *Beniyam Kebede v. Wrike, Inc.*, Santa Clara County Superior Court Case

9  No. 20CV366599; *Jason Mitchiner v. Move Sales, Inc.*, Los Angeles County Superior Court Case

10  No. 20STCV23141; *Craig Russell v. Nutanix, Inc.*, Santa Clara County Superior Court Case No.

11  20CV366943l; *James Fleming v. Mission Linen Supply*, Sacramento County Superior Court Case

12  No. 2019-00267357-CV; *LaDonna Page v. Insource Performance Solutions, LLC*, Alameda

13  Superior Court Case No. RG21096367.

14       14.    I consider myself experienced and qualified to evaluate the class claims and viability

15  of the defenses. Based on the history of the above-captioned case, and given my experience and

16  analysis, it is my view that the settlement is fair, reasonable, and adequate, and in the best interest

17  of the class members. Had the litigation not reached the proposed settlement set forth in the

18  Settlement Agreement, I would have continued to prosecute the class's claims through certification,

19  trial and beyond.

20       15.    Zachary Gershman is an associate attorney of Lebe Law, APLC in good standing of

21  the State Bar of California and admitted to practice in all state courts in California, and in the

22  Central, Eastern, and Northern United States District Courts in California.

23       16.    Mr. Gershman began working for Lebe Law, APLC in August of 2019 as a law clerk

24  after graduating from the USC Gould School of Law in May of 2019, where he was an Executive

25  Senior Editor of the Southern California Law Review. He received his Bachelor of Arts degree in

26  Political Science from the University of Connecticut in 2015. He was admitted to the California

27  State Bar on December 2, 2019.

28

*In re UKG Cybersecurity Litigation*, No. 3:22-cv-00346-SI
DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF FINAL APPROVAL MOTION

1    17.    Brielle D. Edborg is an associate attorney of Lebe Law, APLC in good standing of

2  the State Bar of California and admitted to practice in California.

3    18.    Ms. Edborg began working for Lebe Law, APLC in September of 2022 as an

4  associate attorney after graduating from Pepperdine Carudo School of Law in May of 2022.  She

5  received her Bachelor of Arts degree in English from SUNY Old Westbury in 2019.  She was

6  admitted to the California State Bar on December 8, 2022.

7    19.    Nicolas Tomas was an associate attorney of Lebe Law, APLC during the prosecution

8  of this matter, and to the best of my knowledge is in good standing of the State Bar of California

9  and admitted to practice in California.

10    20.    Mr. Tomas worked for Lebe Law, APLC from November of 2021 through August

11  of 2022 as an associate attorney after graduating from Loyola Law School in May of 2021.  To the

12  best of my knowledge, he received his Bachelor of Science degree in Nutrition from California

13  Polytechnic University, Pomona in 2016.  He was admitted to the California State Bar on November

14  19, 2021.

15                                  **Attorneys' Fees and Costs**

16    21.    As of the filing of Plaintiff's Motion for Final Approval of Class Action Settlement,

17  I have worked a total of 195.3 hours on this case.  My work on this case has consisted of conducting

18  initial investigations, drafting the initial complaint and administrative correspondence for my client,

19  assisting in the preparation for mediation including assisting in the drafting of the briefing,

20  participating in post-mediation settlement discussions, assisting in the drafting of the long-form

21  settlement agreement in this matter, attending hearings, and preparing the final approval motion in

22  this matter.  At my billable rate of $800 per hour my lodestar attorney's fees, before any multiplier,

23  amount to $156,240.   Moreover, my firm has incurred $7,291.62 in costs in this matter as of this

24  time.  My rate with annual increases has been approved by other California courts, including those

25  listed in paragraph 8.  Attached as "**Exhibit A**" to my declaration filed in support of Plaintiff's

26  Motion for Attorneys' Fees, Dkt. No. 76-6, is a breakdown of my firm's current costs in this matter.

27    22.    As of the filing of Plaintiff's Motion for Final Approval of Class Action Settlement,

28  Mr. Gershman has expended a total of 180.2 hours in the prosecution of this matter.  His work on

-6-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF FINAL APPROVAL MOTION

1  this case has consisted of assisting in the preparation for mediation including assisting in the drafting

2  of the briefing, assisting to draft informal discovery, participating in post-mediation settlement

3  discussions, assisting in the drafting of the long-form settlement agreement in this matter, attending

4  hearings, working with the settlement administrator, participating in phone calls with all counsel and

5  the settlement administrator regarding additional notice to the class, and assisting in the drafting of

6  the final approval motion.   None of his time duplicated the time expended by others.   Mr.

7  Gershman's rate with annual increases has also been approved by other California courts, including

8  in those listed in paragraph 8.  At his requested rate of $475, his fees calculate out to $85,595.

9          23.     As of the filing of Plaintiff's Motion for Final Approval of Class Action Settlement,

10  Mr. Tomas has expended a total of 52.9 hours in the prosecution of this matter.   His work on this

11  case has consisted of conducting initial investigations and performing legal research in the data

12  privacy space, assisting in the drafting of the initial complaint and administrative correspondence

13  for my client, and participating in discussions with other counsel.   None of his time duplicated the

14  time expended by others.  At his requested rate of $350, his fees calculate out to $18,515.

15          24.     As of the filing of Plaintiff's Motion for Final Approval of Class Action Settlement,

16  Brielle Edborg has expended a total of 5.5 hours in the prosecution of this matter.   Her work in this

17  case consisted solely of performing additional legal research and communicating with plaintiff

18  Villanueva.   None of her time duplicated the time expended by others.  At her requested rate of $300,

19  her fees calculate out to $1,650.

20          25.     As of the filing of Plaintiff's Motion for Final Approval of Class Action Settlement,

21  the combined lodestar for Lebe Law APLC in this matter is $262,000.

22          26.     I have been practicing law for over ten years, and I have significant experience, skill,

23  and expertise in class action matters. My firm, Lebe Law, APLC, sets the billing rates of its attorneys

24  to be consistent with the prevailing market rates in the private sector for attorneys and staff of

25  comparable skill, qualifications and experience by monitoring the prevailing market rates charged

26  by both defense and plaintiff law firms.  According to the 2023 Laffey Matrix, relevant portions of

27  which are attached as "**Exhibit B**" to my declaration filed in support of Plaintiff's Motion for

28  Attorneys' Fees, Dkt. No. 76-6**,** my requested hourly rate of $800 is reasonable for an attorney that

-7-

*In re UKG Cybersecurity Litigation*, No. 3:22-CV-00346-SI
DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF FINAL APPROVAL MOTION

1 is eleven years out of law school.   In fact, my requested hourly rate is $29 per hour less than the

2 suggested rate for an attorney in his eleventh year of practice.  Furthermore, according to the Laffey

3 Matrix, Mr. Gershman's requested hourly rate of $475 is reasonable, as it is $33 less per hour than

4 the median hourly rate for an associate between their fourth and seventh year of practice.  While,

5 finally, both Ms. Edborg's and Mr. Tomas's hourly rate of $300 and $350 per hour respectively is

6 also reasonable as these rates are $103 less, and $53 less, than the proposed rate for an associate

7 between their first and third years of practice and is in line with rates typically approved in wage-

8 and-hour class action litigation in California.

9       27.     Class Counsel has undertaken representation at their own expense, with

10 compensation wholly contingent upon providing a benefit to the Class and I believe that the Class

11 Members will benefit significantly by the terms of the proposed Settlement by receiving substantial

12 monetary compensation.

13       28.     The lodestar multiplier based on the hours submitted by Class Counsel amount to an

14 approximate multiplier of 1.53.

15       I declare under penalty of perjury under the laws of United States of America that the

16 foregoing is true and correct.  Executed on October 17, 2023, in the City of Los Angeles in the State

17 of California.

18                    _____/s/ Jonathan M. Lebe_____

19                          JONATHAN M. LEBE

*In re UKG Cybersecurity Litigation*, No. 3:22-cv-00346-SI
DECLARATION OF JONATHAN M. LEBE IN SUPPORT OF FINAL APPROVAL MOTION