1   JASON M. WUCETICH (STATE BAR NO. 222113)
    jason@wukolaw.com
2   DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
    dimitri@wukolaw.com
3   WUCETICH & KOROVILAS LLP
    222 N. Pacific Coast Hwy., Suite 2000
4   El Segundo, CA 90245
    Telephone:    (310) 335-2001
5   Facsimile:    (310) 364-5201

6   MICHAEL S. MORRISON (SBN 205320)
    mmorrison@amfllp.com
7   ERIN A. LIM (SBN 323930)
    elim@amfllp.com
8   ALEXANDER MORRISON + FEHR LLP
    1900 Avenue of the Stars, Suite 900
9   Los Angeles, CA 90067
    Telephone:    (310) 394-0888
10  Facsimile:    (310) 394-0811

11  Attorneys for Plaintiffs
    WILLIAM MULLER and ANTONIO KNEZEVICH,
12  individually and on behalf of all others similarly situated

13  [*Additional Counsel Listed on Next Page*]

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16  IN RE UKG INC CYBERSECURITY          CASE NO.  22-CV-00346-SI
    LITIGATION
17                                       **CLASS ACTION**

18  _____       **DECLARATION OF DIMITRIOS V.
                                          KOROVILAS IN SUPPORT OF MOTION
19  THIS DOCUMENT RELATES TO:            FOR FINAL APPROVAL**

20  All Actions                          Hearing Date:     November 17, 2023
                                         Time:             10:00 a.m.
21                                       Courtroom:        1
                                         Judge:            Hon. Susan Illston
22

23

24

25

26

27

28

I, Dimitrios V. Korovilas, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the state of California and the Northern District of California and am a partner at Wucetich & Korovilas LLP, counsel of record for Plaintiffs William Muller and Antonio Knezevich in the above-entitled action.  Based on that representation, I have personal knowledge of the matters stated herein and could and would testify competently about them if called upon to do so.  I make this declaration in support of the motion by all plaintiffs for final approval of the proposed settlement agreement in this matter.

2.      The three cases underlying this consolidated action each arise from defendant UKG, Inc.'s alleged failure to implement and maintain reasonable cybersecurity procedures and practices with respect to the sensitive and confidential personal information UKG obtains from its customers' employees, the cybersecurity incident that UKG experienced beginning in December 2021, and the resultant shut down of its timekeeping and payroll services that lasted for some months.  My firm's case was the first-filed case of any class action still pending against UKG related to the cybersecurity incident.  My firm, together with our co-counsel at Alexander Morrison + Fehr LLP, have worked cooperatively with all Plaintiffs' counsel in this consolidated action and generally taken the lead throughout the duration of this litigation, particularly in the earlier stages.  As alleged in the complaint, UKG is a multi-billion-dollar workforce management technology company that provides third-party human resources services, including timekeeping and payroll services, to companies around the globe.  In connection with those services, UKG collects, stores, and processes personal information and data for thousands of companies and millions of workers, including a multitude of companies and workers in California and throughout the nation.  UKG's clients form a broad cross section of corporate America and public organizations, including the likes of PepsiCo, Tesla, Gamestop, the University of California system, the County of Santa Clara, and many private and public hospital and healthcare organizations, including Family Health Centers of San Diego and Wellpath Recovery Solutions, LLC.  Plaintiffs assert claims on behalf of a nationwide class for negligence, negligence per se, unjust enrichment, declaratory judgment, breach of contract, and common law invasion of

1  privacy.  Plaintiffs also bring claims on behalf of a California subclass for violation of the

2  California Consumer Privacy Act, Cal. Civ. Code § 1798.150, the California Customer Records

3  Act, Cal. Civ. Code § 1798.80 *et seq.*, violation of the California Unfair Competition Law, Cal.

4  Bus. & Prof. Code § 17200 *et seq.*, and for invasion of privacy based on the California

5  Constitution, Art. 1, § 1.  Plaintiffs seek, among other things, compensatory damages, punitive

6  and exemplary damages, statutory damages pursuant to Cal. Civ. Code § 1798.150(b), injunctive

7  relief, attorneys' fees, and costs of suit.

8        3.      A true and correct copy of the parties' fully executed proposed settlement

9  agreement, which sets forth all terms of settlement, was previously attached as <u>Exhibit 1</u> the

10  declaration of Kas Gallucci filed in support of plaintiffs' previously filed motion for preliminary

11  approval.  The settlement agreement was reached only after arms' length settlement discussions

12  among all parties and their counsel.  The agreement is a result of the parties' global mediation

13  before Bennett Picker on September 8, 2022, as well as numerous additional follow up

14  discussions with Mr. Picker that occurred thereafter, as well as extensive discussions with counsel

15  in other overlapping litigation in cases pending in Florida and Massachusetts.  The agreement

16  presents the full, complete, and exclusive terms and conditions applicable to the proposed

17  settlement.  There are no "side agreements" in connection with the proposed settlement.

18        4.      Plaintiffs have created an extensive factual record for this case.  Prior to filing our

19  complaint on behalf of Plaintiffs Muller and Knezevich, my offices conducted a thorough factual

20  investigation into the facts and legal support underlying Plaintiffs claims, including extensive

21  legal research as well as conducting interviews of many dozens of class members affected by the

22  cybersecurity incident.  Since the filing of these actions, Plaintiffs' counsel have continued their

23  investigations, both through formal and informal discovery and other means. Among other things,

24  Plaintiffs have propounded numerous sets of comprehensive written discovery requests, including

25  requests for production of documents, requests for inspection, and special interrogatories.

26  Plaintiffs have reviewed all documents produced by UKG, both formally and informally in

27  connection with the parties' mediation, and met and conferred extensively with defense counsel

28  regarding deficiencies and follow up regarding their productions.  Plaintiffs have also cooperated

with Defendant's formal and informal requests for documents and information.  To the extent the settlement was premised on any informally produced documents and information, the parties further agreed to additional confirmatory discovery as necessary and have since conducted such confirmatory discovery.

5.    All plaintiffs' counsel have, furthermore, spent significant hours following up on the factual bases and merits of the claims and defenses via meet-and-confer discussions with defense counsel, internal discussions among Plaintiffs' counsel, meetings, phone calls, and significant written correspondence, in addition to their own independent investigations of the facts and defenses.

6.    Based on my experience and review of this case, it is my opinion that the proposed settlement is fair, adequate, and reasonable, for the reasons set forth in detail in Plaintiffs' motion for preliminary approval.  The successful settlement was facilitated in large part by the decision of all Plaintiffs' counsel in the California cases filed against UKG to work cooperatively from the outset.  As with many other recent data breaches, multiple, overlapping class action lawsuits were filed around the country shortly after the breach was announced.  Instead of spending their time to secure lead counsel status, which often results in time consuming and lengthy disputes amongst plaintiffs' counsel, Class Counsel endeavored to work cooperatively. This resulted in a joint prosecution agreement at the outset of litigation amongst Class Counsel and the filing of a consolidated complaint. By working cooperatively early on and avoiding in-fighting, Plaintiffs were able to present a united front that Defendant could not exploit through reverse auction tactics.  Class Counsel also successfully kept this case out of Multi-District Litigation.  This result avoided needless delays and allowed Counsel to focus its efforts on obtaining the documents and information they needed, which culminated with an early resolution of the case. Further, the cooperation allowed counsel to serve formal discovery early in the litigation and engage Defense counsel is substantive discussions which ultimately resulted in an agreement to mediate the case following an exchange of information and data relevant to issues in the case. Class Counsel then reached out to counsel with overlapping claims in other parts of the country to try to work out agreements. The result of these efforts was an agreement to carve out wage claims from the scope

- 4 -

of the Settlement so the other Plaintiffs' counsel could pursue these claims in their cases. This avoided unnecessary adversarial proceedings amongst plaintiffs and a possible objection to the settlement which could have delayed payment by years

7.      I received my jurisdoctor degree from the University of California, at Davis, School of Law in 2006 and became licensed to practice law in California at that time. I received my bachelor's degree in economics from the University of Chicago in 2003.  I co-founded by law firm, Wucetich & Korovilas LLP, with my partner, Jason M. Wucetich, in 2010.  Prior to that, I, along with my partner, Mr. Wucetich, the other attorney at my firm assigned to this matter, worked together as attorneys in the litigation department of Orrick, Herrington & Sutcliffe's Los Angeles Office.  Orrick is a large, international firm with approximately 1,000 attorneys and offices throughout the world.  I also previously externed for the Honorable David F. Levi, former chief judge of the U.S. District Court for the Eastern District of California.  My partner, Mr. Wucetich, received his jurisdoctor degree from the University of California, at Davis, School of Law in 2002 and became licensed to practice law at that time. He received his bachelor's degree in economics and political science from Stanford University in 1997.  Mr. Wucetich also previously worked for several years in Los Angeles in the litigation department of Pillsbury Winthrop Shaw Pittman, another large firm, along with me, before our practice group moved to Orrick.

8.      Throughout our practice, both previously at the large firm level and at our current firm, my partner and I have had significant experience in class action and other complex litigation, including numerous data breach and other consumer class action cases. Mr. Wucetich has personally first-chaired five jury trials and second-chaired four jury and bench trials. Complex litigation, in both the individual and class action context, has constituted a significant portion of both my partner's and my practice generally and also our day-to-day activities. Throughout our practice, we have regularly represented clients in both state and federal courts and at both the trial and appellate levels. Some of my and/or my partner's significant current and past class action and other complex cases over the course of our careers have included, among others:

a. *In re Snap Financial Data Breach Litigation*, Case No. 2:22-cv-00761-TS-JCB (D. Utah) (consolidated consumer class action data breach case, pending);

b. *Martinez v. Valex Corp.* Ventura County Superior Court Case No. 56-2022-00572595-CU-NP-VTA (consumer class action data breach case, successfully settled);

c. *Contreras v. Robins & Morton Corp.*, Case No. 3:23-cv-00164-LB (N.D. Cal.) (consumer class action data breach case, pending)

d. *Owens v. Smith, Gambrell & Russell Int'l, LLP*, Case No. 2:23-cv-01789-JAK-JDE (C.D. Cal.) (consumer class action data breach case, pending)

e. *Johnson v. Cerebral, Inc.*, Case no. 23-cv-01901-FMO-MAA (C.D. Cal.) (consumer class action data breach case, pending);

f. *Muller et al. v. PepsiCo, Inc. et al.*, San Francisco Superior Court Case No. CGC-22-597909 and *Stevens v. PepsiCo, Inc. et al.*, Case No. 22-cv-00802 (S.D.N.Y.) (employment class action cases stemming from UKG cybersecurity incident, successfully settled);

g. *In re Neutron Wage & Hour Cases*, JCCP Case no. 5044, San Francisco Superior Court Case No. 21-CJC-005044 (employment class action and PAGA claims, successfully settled);

h. *Shenkman v. Tesla, Inc.*, Alameda Superior Court Case No. RG21102833 (certified class counsel in consumer class action case, pending);

i. *In re DirecTV Wage and Hour Cases*, JCCP Case No. 4850 (Santa Clara Superior Court) (lead case No. 1-14-CV-274709) (employment class action and PAGA claims, successfully settled);

j. *Habelito v. Guther-Renker LLC*, Case No. BC499558 (Los Angeles Superior) (certified consumer class action case, successfully settled);

k. *Payless Wage and Hour Cases*, JCCP Case No. 4699 (Los Angeles Superior Court) (employment class action, successfully settled);

l. *Bernardino, et al. v. NCS Pearson, Inc.*, Case No. CIVDS1511972 (San

- 6 -

MASTER DOCKET NO. 3:22-CV-00346-SI – KOROVILAS DECL. ISO MOT. FOR FINAL APPROVAL

Bernardino Superior Court) (employment class action, successfully settled);

m. *Ledterman v. James Perse Enterprises*, Case No. BC480530 (Los Angeles Superior) (consumer class action case, successfully settled);

n. *Stathopoulos v. Retail Brand Alliance, Inc. d/b/a Brooks Brothers*, Case No. BC462887 (Los Angeles Superior Court) (consumer class action case, successfully settled).

o. *Adjamian v. Sunglass Hut Trading LLC, et al.* Case No. 30-2011-00451217-CU-BT-CXC (Orange County Superior) (consumer class action case, successfully settled);

p. *Baghdassarian et al. v. Nordstrom, Inc.,* Case No. BC448357 (Los Angeles Superior) (consumer class action, successfully settled);

q. *Wolff v. Hyatt Corporation et al.*, Case No. 10CV7266 (C.D. Cal.) (civil rights class action case, successfully settled);

r. *Finseth v. Network Solutions LLC*, Case No. CV 08-1537 PSG (VBx) (C.D. Cal.) (consumer class action case, successfully settled);

s. *McElroy v. Network Solutions LLC*, Case No. CV 08-01247 PSG (VBKx) (C.D. Cal.) (consumer class action case, successfully settled);

t. *Carlson v. eHarmony.com, Inc.*, Case No. BC371958 (Los Angeles Superior) (civil rights class action case, successfully settled);

u. *McNett v. Network Management Group, Inc. et al*, Case No. BC330892 (Los Angeles Superior) (employee misclassification class action case);

v. *Ingalls v. Hallmark Retail, Inc.*, Case No. CV08-04342 VBF(Ex), consolidated with CV08-05330 (VBF)(FFMx), consolidated with CV08-07481 (VBF)(Ex) (C.D. Cal.) (wage/hour employment class action);

w. *Ceryx Asset Recovery LLC v. Cummins West, Inc. et al.*, JAMS Ref. 1220035720 (represented plaintiff in complex employment and trade secrets arbitration case that proceeded through weeks of arbitration before reaching a successful settlement);

- 7 -

      x.   *Tyson Foods v. Foster Farms, Rao, et al.* (multiple complex employment and trade secrets cases around the country that ultimately settled successfully);

      y.   *Vident v. Dentsply International, Inc.,*Case No. SACV 06-1141 PSG (ANx) (C.D. Cal.) (represented the plaintiff in an antitrust case that resulted in an $18 million stipulated judgment on the eve of trial);

      z.   *Warren v. AW Chesterton Company et al.,* Case No. CGC-07274470 (San Francisco Superior) (represented defendant in a products liability trial that resulted in a complete defense verdict after weeks of trial);

      aa. *DHL Reseller Litigation* (represented DHL in numerous related complex commercial cases nationwide based on its exit from the domestic market, with many cases involving dozens of parties);

      bb. *ConsumerInfo.com, Inc. v. One Technologies LP et al.*, Case No. CV 09-3783 (C.D. Cal.) (complex copyright/trademark/antitrust dispute)

      cc. *Sleep Innovations, Inc. v. Sinomax USA, Inc., et al.*, Case No. CV06-5712 (AHM)(AJWx) (C.D. Cal.) (complex trade secrets case, ultimately successfully settled);

      dd. *HiRel Connectors, Inc. v. Department of Defense, et al.*, Case No. C01-11069 DT(BQRx) (C.D. Cal.), (complex trade secrets);

      ee. *Triangle Restaurants, Inc., et al. v. ERP Operating Limited Partnership*, Case No. EC050081 (Los Angeles Superior) (complex real estate litigation);

9.     Currently, my firm represents plaintiffs in approximately more than a dozen pending class action or representative lawsuits, consisting of various employee, consumer, and civil rights litigation, including numerous consumer class actions arising from data breaches similar to the instant case involving allegations of failure to properly safeguard sensitive personal identification information.

10.    My firm also currently represents both plaintiffs and defendants in numerous non-class action cases, including numerous employment, consumer, and contract disputes.

11.    My firm is competent and ready to move forward with this litigation and proposed

- 8 -

settlement.  We have no conflicts of interest with the class, nor any other conflicts of interest that would adversely affect our representation, and we are willing and able to adequately represent the class.

12.    My firm undertook representation in this case on a contingency basis, and seeks fees based on either a lodestar figure and/or a percentage of the recovery obtained.  By either of these measures, the amounts sought by my firm would be considered reasonable.  My firm has kept detailed time records of all time tracked on this matter together with all disbursements. Consistent with the Northern District's guidelines, we stand ready to produce such time records should the Court request them.  In connection with the instant motion, I ran a report of all billable time tracked on this matter to date with all disbursements, and report that information in this declaration.

13.    My firm's time records show that my partner and I have collectively billed approximately 581 hours to this matter.  Our work during the time period of the report has included, but is not limited to, conducting many dozens of interviews with class members affected by the UKG cybersecurity incident across many different employers, preparation of the first-filed class action complaint, extensive meet-and-confer discussions with counsel in overlapping and related litigation in California, Florida, and Massachusetts; coordination of all California cases into a consolidated action; preparation of the consolidated class action complaint; conducting of the Rule 26(f) conference and preparation of the related report; preparation of numerous sets of formal and informal discovery; review of all data and documents produced by defendant; preparation an opposition to a motion by counsel in the later-filed Massachusetts cases for transfer and coordination before the Judicial Panel on Multidistrict Litigation; travel to and attendance of the hearing on that motion; review of Defendant's motion to dismiss and preparation of a draft opposition to the motion; conducting mediation, including coordination of the mediation amongst all counsel, preparation of a mediation brief, extensive meet-and-confer discussions with opposing regarding the settlement, extensive post-mediation follow up with the mediator; preparation of the settlement agreement and related papers; preparation of the motion for preliminary approval and related papers; attending status conferences and hearings before this

court; and extensive meet-and-confer discussions throughout the duration of this case with

defense counsel, other plaintiffs' counsel in this consolidated action, and other plaintiffs' counsel

in overlapping litigation in Florida and Massachusetts.  This list is not exhaustive.

14.    In addition, my firm has incurred approximately $5,200 in costs associated with

this case, which relate to filing fees, service costs, travel expenses related to attending a hearing

before the Judicial Panel on Multidistrict Litigation, and marketing costs specific to class

members in the instant action.

15.    Both Mr. Wucetich and myself currently bill at the hourly rate of $925 per hour.

That rate is commensurate with the market rate for similarly experienced attorneys performing

similar work in the Los Angeles area and other metropolitan areas.  Accordingly, our base

lodestar figure equates to $537,425 (5812 hours x $925.00 = $537,425).  However, in an effort to

address any concerns regarding all timekeepers being partners, for purposes of the this fees

motion my firm seeks only a blended rate for both Mr. Wucetich and myself of $750 per hour.

We have both been repeatedly approved at that blended rate in other class action cases in both the

Los Angeles and San Francisco areas, as well as elsewhere.  *See, e.g.*, *Muller et al. v. PepsiCo,*

*Inc. et al.*, San Francisco Superior Court Case No. CGC-22-597909 and *Stevens v. PepsiCo, Inc.*

*et al.*, Case No. 22-cv-00802 (S.D.N.Y.) (4/4/23 Final Approval Order and Judgment Granting

Fees to Wucetich & Korovilas LLP based on $750 blended rate); *In re Neutron Wage & Hour*

*Cases*, Case No. CJC-19-005044 (San Francisco Superior Court) (7/13/21 Order Granting

Settlement Approval and Awarding Attorneys' Fees); *Habelito v. Guthy-Renter LLC*, Case No.

BCC499558 (Los Angeles Superior Court) (5/15/2017 Order Granting Final Approval)

(approving award of fees to Wucetich & Korovilas LLP based on $700 hourly rate); *In re*

*DirecTV Wage & Hour Cases*, JCCP 4850, Lead Case No. 1-14-CV-274709 (Santa Clara

Superior Court) (7/19/19 Final Order and Judgement Granting Fees to Wucetich & Korovilas

LLP based on $700 hourly rate).  At this lower blended rate the base lodestar figure for my firm

would equate to $435,750 (581 hours x $750 = $435,750).

16.    In preparing time record reports in connection with motions for final approval and

attorneys' fees, I exercise my judgment to often reduce the amount of time initially logged, based

- 10 -

on my reasonable judgment of how long a particular task should have taken, and have done so in this case.  Typically, I would estimate that I reduce total amounts of time initially logged by approximately 5-10%.  The lodestar figures in this declaration do not reflect additional time yet to be incurred, in connection with the hearings on Plaintiffs' motion for final approval and motion for attorneys' fees, attendance at hearing on the motions, any additional briefing the Court may request, and potentially handling any appeals.  Accordingly, the projected lodestar amounts reflected in this declaration are subject to change.

17.    The settlement agreement also provides that Plaintiffs may request approval by the Court of service awards in the amount of up to $7,500 each for their time and effort in spearheading and prosecuting this case and obtaining monetary relief for the class.  Each plaintiff, including Mr. Muller and Mr. Knezevich, spent a substantial amount of time and effort in prosecuting this case, including researching and retaining counsel, extensive meetings with counsel to substantiate the factual bases of the claims, producing relevant documents and information, participating in regular communication with counsel throughout the duration of the case regarding the case status and strategy going forward, and providing the facts and evidence to prove the allegations in the complaint.  Plaintiffs all demonstrated a strong commitment to this case.  Plaintiffs Muller and Knezevich, were, in particular, instrumental in gathering other class members to report their experiences, volunteer to be interviewed by counsel, and provide additional factual support for the case.  Plaintiffs were available to counsel as needed.  The information and aid that they provided to counsel was invaluable and ensured the successful resolution of this case.  Furthermore, Plaintiffs have taken a substantial risk by electing to have their names as part of the public record in this lawsuit.  Any time they attempt to seek new employment or are under investigation by a prospective employer, any search for lawsuits brought by them will be disclosed and they will have to deal with the possible stigma of bringing a class action lawsuit.  The named plaintiffs have each submitted declarations attesting to their efforts, previously filed in connection with the motion for attorneys' fees.  As such, the incentive award they seek is fully deserved and well justified.

MASTER DOCKET NO. 3:22-CV-00346-SI – KOROVILAS DECL. ISO MOT. FOR FINAL APPROVAL

1

2      I declare under penalty of perjury under the laws of the United States that the foregoing is

3  true and accurate.

4      Execute this 17th day of October, 2023, at Los Angeles, California.

5

6

7  _____

8                              DIMITRIOS V. KOROVILAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -