1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

WILLIAM MULLER, et al.,

Case No. 22-cv-00346-SI

8

Plaintiffs,

9

v.

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

10

UKG INC.,

11

Defendant.

12

13

Re: Dkt. Nos. 76, 77

14

15

On November 17, 2023 Plaintiffs William Muller, Antonio Knezevich, Adam Bente, and

16

Cindy Villanueva ("Plaintiffs") Motion for Final Approval of Class Action Settlement (the

17

"Motion") and Motion for Attorneys' Fees was heard before the Court. The Court has considered

18

Plaintiffs' Motion, the Class Action Settlement Agreement and Release between the Plaintiffs and

19

Defendant UKG, Inc. ("Defendant" or "UKG") (collectively the "Parties") (the "Settlement" or

20

"Settlement Agreement"), all declarations and other evidence submitted in support of the motions,

21

and any argument submitted at the hearing on the motions, and hereby **ORDERS, ADJUDGES,**

22

**AND DECREES:**

23

1. Unless defined herein, all terms in this Order shall have the respective meanings ascribed

24

to them in the Settlement Agreement.

25

2. On June 2, 2022, the Court entered a Preliminary Approval Order (Dkt. No. 74), that

26

certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of

27

the proposed settlement to the Settlement Class, and established a hearing date to consider the final

28

United States District Court
Northern District of California

approval of the Settlement Agreement, the request for Service Awards to the Settlement Class Representatives (the "Service Awards Request"), and the motion for attorneys' fees, costs and expenses (the "Fee Request").

3. In the Preliminary Approval Order, the Court approved the class notice and plan, and found that the class notice provides the best practicable notice to the Class. A declaration has been filed with the Court confirming that the notice has been emailed and mailed to members of the Exfiltration Class, and to the extent that employers opted into providing contact information, and otherwise distributed via advertisements pursuant to the class notice and plan. Further, a declaration confirming that notice has been distributed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 has been filed with the Court.

4. The Court finds that the distribution of the Notice has been achieved in accordance with the Preliminary Approval Order and the Settlement Agreement.

5. The class notice and plan provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on November 17, 2023, the Court finds that the Notice was adequate and reasonable. The Court further finds that through the Notice, the Settlement Class has been apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6. The Court finds that Defendant has complied with the requirements of 28 U.S.C. § 1715.

7. The Court finds that the Plaintiffs are similarly situated to absent Settlement Class Members, are typical of the Class, and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order at ¶¶ 7-8 (ECF No. 74), appointing Michael S. Morrison and Erin Lim of Alexander Morrison + Fehr LLP; Dimitrios Korovilas and Jason Wucetich of Wucetich & Korovilas LLP; Ronald A. Marron, Alexis M. Wood,

1    and Kas L. Gallucci of Law Offices of Ronald A. Marron; and Jonathan M. Lebe and Zachary T.

2    Gershman of Lebe Law, APLC as Class Counsel for settlement purposes., and appointing as

3    Settlement Class Representatives Plaintiffs William Muller, Antonio Knezevich, Adam Bente and

4    Cindy Villanueva as the Class Representatives.

5         8. The Court certifies the following Classes[1] under Fed. R. Civ. P. 23(a) and 23(b)(3):

6         **Nationwide Class**: All natural U.S. persons who are current or former employees or

7    contractors, including their dependents, of UKG customers, whose data was stored in the

8    KPC at the time of the December 2021 KPC Cyberattack and who were impacted by the

9    interruption of KPC applications resulting from the December 2021 KPC Cyberattack.

10        **California Subclass**: Consisting of all members of the Settlement Class who were also

11   California residents at the time of the December 2021 KPC Cyberattack; and

12        **Exfiltration Subclass**: Consisting of all members of the Nationwide Class who were sent

13   notice that their personal data was exfiltrated during the December 2021 KPC Cyberattack

14   and were offered credit monitoring services for themselves or on behalf of their dependents.

15        9. The Court finds that the Settlement Class defined above satisfies the requirements of Fed.

16   R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all

17   Settlement Class Members would be impracticable; (b) there are issues of law and fact that are

18   common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical

19   of and arise from the same operative facts and seek similar relief as the claims of the Settlement

20   Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and

21   adequately protected the interests of the Settlement Class, as the Settlement Class Representatives

22   have no interest antagonistic to or in conflict with the Settlement Class and have retained

23   experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e)

24   questions of law or fact common to Settlement Class Members predominate over any questions

25

26               [1] Excluded from the Classes are UKG's officers, directors, and employees; any entity in

27   which UKG has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of UKG. Excluded also from the Settlement Class are members of the judiciary

28   to whom this case is assigned, their families and members of their staff. Also excluded from the Settlement Class are non-natural persons.

*United States District Court*
*Northern District of California*

3

affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

10. The Court approves the settlement of the Action as set forth in the Settlement Agreement and finds that the settlement meets the requirements of Federal Rule of Civil Procedure 23(e)(2) and is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class Members.

A. The Court finds that the Settlement Class Representatives and Class Counsel have adequately represented the Class.

B. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel, with the assistance of an experienced mediator.

C. The Court finds that the relief provided to the Class is adequate taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the Class; and the terms of the proposed attorneys' fees.

D. The Court finds the Settlement Agreement treats Settlement Class Members equitably to each other based on the alleged injuries to each of the Classes, and that all Settlement Class Members as well as the general public will be benefitted by Defendant's additional security mechanisms put into place.

11. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome of continued litigation, in this Court or on appeal, of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

12. The Court recognizes that there have been no objections to this Settlement by Settlement Class Members, and a total of four valid exclusions by Class Members whose claims will not be released by this settlement: Record Identification Numbers 687441M9D4YNT,

United States District Court
Northern District of California

1    687441MBGKNQQ, 687443PJRW2B1, and 687444QVXKC3Z.

2        13. Each Settlement Class Member, whether or not such Settlement Class Member executes

3    and delivers a valid claim, is bound by this Judgment, including, without limitation, the release of

4    claims as set forth in the Settlement Agreement.

5        14. The Court directs the Parties to perform in accordance with the terms of the Settlement

6    Agreement and the Orders of this Court.

7        15. Upon the Effective Date, and in consideration of the Settlement benefits as described in

8    the Settlement Agreement, each of the Settlement Class members including the Class

9    Representatives, and each of their respective heirs, executors, administrators, representatives,

10   agents, partners, successors, and assigns shall be deemed to have released, acquitted, and forever

11   discharged any and all Released Claims against Defendant. Released Claims means any and all

12   claims, demands, actions, and causes of action that each and every Settlement Class Member has,

13   had, or may ever have, now or in the future, known or unknown, suspected or unsuspected, fixed or

14   contingent, accrued or unaccrued, arising out of or in any way related to the December 2021 KPC

15   Cyberattack based on the allegations in the operative complaint, which includes the resulting

16   interruption of Released Parties' products and services, and also, includes all claims or causes of

17   action stemming from statutory, contractual, or common law rights under which the Settlement

18   Class Members could seek to recover for any impact of the December 2021 KPC Cyberattack,

19   including without limitation all claims that were or could have been brought in the Action based on

20   the same factual predicate, whether or not those claims, demands, actions, or causes of action have

21   been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof.

22   Released Claims expressly do not include any claims, demands, actions, and causes of action

23   (whether statutory, contractual, or common law) for wages of any kind brought against Released

24   Parties relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC

25   applications.

26       16. The Settlement Class Representatives and other Settlement Class Members are enjoined

27   from prosecuting any claim they have released in the preceding paragraphs in any proceeding

28   against any of the Released Parties or based on any actions taken by any of the Released Parties that

United States District Court
Northern District of California

5

are authorized or required by the Settlement Agreement or by this Order. Likewise, Defendant and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by the Settlement Agreement or by this Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

17. The Settlement Agreement shall not constitute and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Per Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

18. Notwithstanding the foregoing, nothing in this Final Order and Final Judgment shall be interpreted to prohibit the use of the Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

19. Class Counsel have moved for an award for attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court awards Class Counsel with attorneys' fees in the amount of $1,835,493 and costs in the amount of $27,163.33, with such costs to be split between Class Counsel based on their actual expenses provided to the Court as part of their declarations in support of the Motion for Final Approval and Fee Request.

1   Fees are approximately 1/3 of $5,500,000, reflecting a multiplier of 1.4 on lodestar of $1,311,066.

2       20. Class Counsel have also requested that Service Awards be approved and paid to

3   Settlement Class Representatives in recognition of their services provided for the benefit of the

4   Settlement Class. The Court, having reviewed the Service Awards Request, as well as the supporting

5   memorandum and associated papers, hereby finds that an award of $7,500.00 to each of the

6   Settlement Class Representatives is fair, reasonable, and appropriate in light of the service each

7   Class Representative has provided on behalf of and for the benefit of the Settlement Class, and an

8   award in that amount is hereby approved. The Settlement Administrator is directed to make such

9   service award payments to the Settlement Class Representatives in accordance with the terms of the

10  Settlement Agreement, this Final Order, and the Final Judgment.

11      21. The Court awards the Settlement Administrator, Kroll Settlement Administration LLC

12  for their actual expenses incurred in administering the Settlement in the amount of $862,380.39 as

13  of November 15, 2023, with an estimated additional $150,000 in expenses to complete settlement

14  administration.

15      22. In the event that the Settlement Agreement is terminated pursuant to its terms or the

16  Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this

17  or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action

18  shall proceed as if the Settlement Class had never been certified (including but not limited to the

19  Parties' rights to engage in discovery and the Defendant's right to oppose any motion for class

20  certification), and no reference to the Settlement Class, this Settlement Agreement, or any

21  documents, communications, or negotiations related in any way hereto shall be made for any

22  purpose.

23      23. The Court approves the thirteen untimely but otherwise valid claims received.

24      24. Without affecting the finality of this Order in any way, this Court retains continuing and

25  exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation,

26  implementation, consummation, and enforcement of the Settlement; (b) the administration of this

27  Settlement, including any distributions made pursuant to the Settlement; (c) the Settlement Class

28  Members for all matters relating to the Action; and (d) the Action, until the Effective Date and until

United States District Court
Northern District of California

each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto. To avoid doubt, this Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

**IT IS SO ORDERED**.

Dated: November 21, 2023

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California